### In the Matter of Q.D.M., a juvenile.

#### No. 09–00–499 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 8, 2001.

Decided June 14, 2001.

Opinion on Rehearing Aug. 9, 2001.

Jack M. Riley, Conroe, for appellant.

David K. Walker, County Atty., William L. Pattillo, III, Asst., County Atty., Conroe, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a dispositional order dated October 3, 2000, committing appellant, Q.D.M., to an indeterminate stay at the Texas Youth Commission (TYC). The record before us reflects that on February 8, 2000, appellant was adjudicated as having engaged in delinquent Conduct by Having committed the offense of "Evading Detention Using a Vehicle–Class A Misdemeanor." For that particular adjudication, and on that same day, appellant was placed on probation until he reached eighteen years' of age. As a condition of this probation, appellant was initially placed at a facility named, "Daytop Residential Treatment Facility" for an unspecified length of time. The record further reflects that prior to having been adjudicated delinquent for the evading detention offense, appellant has been adjudicated on October 12, 1999, for having committed the misdemeanor offense of "Possession of Marijuana in a Drug Free Zone."

On August 9, 2000, the State filed a Motion to Modify Disposition alleging that appellant violated the terms of his February 8, 2000, probation by committing several non-jailable, administrative-type violations. It was this motion that resulted in the dispositional order placing appellant in the TYC facility from which the instant appeal lies. Appellant presents two issues for our consideration, *viz:*

> Issue 1: Did the court err in modifying disposition of Juvenile–Appellant by committing Juvenile Appellant to the Texas Youth Commission ("TYC") under authority of a statute that is inapplicable to modifications, where Juvenile Respondent (sic) is not eligible for commitment to TYC under the statute which ought to have been applied, and where the State failed to plead in its Motion to Modify prerequisites for commitment to TYC (under *both* the erroneously applied statute and the statute which should have been applied)?

Issue 2: Is § 54.04(j) of the Juvenile Justice Code unconstitutionally void for vagueness?

■ We partially dispose of appellant's first issue by pointing out that the record does not indicate appellant objected to any defects in the State's pleadings or to any misapplication of the statutory modification scheme prior to or during the modification proceedings. As such, appellant has not preserved those issues for appellate review and we overrule Issue 1 to that extent. TEX.R.APP.P. 33.1(a). While appellant also failed to complain of the lack of authority by the trial court of commit appellant to TYC under the applicable statutory scheme, we will address that portion of Issue 1 for reasons set out below. Because our treatment of Issue 1 will be dispositive of the appeal we will not reach the question presented under Issue 2.[1]

Both parties agree that the provision in question is contained in TEX.FAM.CODE ANN. § 54.05(j) (Vernon Supp.2001),[2] which reads as follows:

> (j) The court may modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if:
>
> (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and
>
> (2) of the previous adjudications, the conduct that was the basis for the

adjudications occurred after the date of another previous adjudication.

The State does not contest the fact that based upon this specific provision the trial court committed appellant to TYC.[3]

■ Before examining § 54.05(j) to determine whether it gave the trial court the authority to commit appellant to TYC, we must address appellant's failure to raise this issue initially with the trial court. Juvenile justice matters are considered civil proceedings, but quasi-criminal in nature. *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex.1999). As such, different considerations obtain with regard to preservation of issues for appellate review. *Id.* In the purely civil context, it has been observed that "fundamental error" survives today in those rare instances in which the record shows the trial court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas. *Id.*, citing to. *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982). When confronted with a preservation of error situation in *C.O.S.*, the Court found decisions of the Court of Criminal Appeals to be instructive in the area. *Id.*, at 767.

■ Under either the state of federal constitutions, a sentence assessed to a criminal defendant not authorized by law is void. *See Heath v. State*, 817 S.W.2d 335, 339 (Tex.Crim.App.1991). This has been the law in Texas for well over a century. *Id.*, citing to *Fowler v. State*, 9 Tex. Ct.App. 149 (1880) (punishment below statutory minimum held to be incapable of

---

1. Whenever possible, reviewing courts are to construe statutory provisions in a manner to avoid constitutional infirmities. *See Gen. Services Com'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 (Tex.2001).

2. Unless otherwise specified, all section numbers referenced will be to those set out in the Texas Family Code.

3. While not germane to this appeal, we note that § 54.05 contains several provisions that

are designated by the identical letter and appear to also apply to modification of dispositions. These identically lettered subsections were enacted during the same legislative session but appear in different chapters of the 1999 session laws. It is unclear, even after an examination of the legislative history, what reason the legislature had for the identical lettering of different provisions.

supporting a conviction). Consequently, it has been "long held" that a defect which renders a sentence void may be raised at any time. *Ex parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App.1996), citing to *Heath,* 817 S.W.2d at 336. *See also Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim. App.1979) (Habeas corpus relief will issue to a person in custody under a sentence which is void because the punishment is unauthorized). We therefore find an abundance of authority from our highest appellate courts in support of our addressing the issue of unauthorized sentence raised by appellant for the first time on appeal.

In determining whether appellant's commitment to TYC was unauthorized by § 54.05(j), we must examine the provision itself. The Court of Criminal Appeals has described their approach to statutory construction as follows:

> [W]e look to the literal text of the statute for its meaning, and we give effect to the plain meaning unless the language is ambiguous or application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). In analyzing the language of a statute, we assume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997). We also give effect to the more specific provisions over more general provisions. Tex. Gov't.Code § 311.026.

*Campbell v. State,* No.2031–99, 2001 WL 219145, —— S.W.3d. —— (Tex.Crim.App. March 7, 2001).

■ Appellant's position before us is that § 54.05(j) permits commitment to TYC following modification of a previous disposition *only* upon the finding of at least *three* prior adjudications rendered against the juvenile, and of the three (or more) prior adjudications, at least two must have occurred *after* the date of another previous adjudication. The State's position before us is summed up by the following response contained in its brief:

> Under § 54.05(j) of the Texas Family Code, TYC commitments are restricted to revocation of felony probation or revocation of misdemeanor probation if the child has two previous felony or misdemeanor adjudications, including the adjudication for which he was placed on probation. The current violation of probation for which the child stands charged acts as a third adjudication. The commentary following § 54.05 in the Texas Family Code states that, in § 54.05(j), the probation revocation counts as the equivalent of the third misdemeanor adjudication for purposes of this commitment restriction. Tex. Fam.Code § 54.05 cmt.

In looking to the literal text of § 54.05(j), we see no problem with the first sentence of the State's response set out above insofar as it recognizes that the current "probation" for which the juvenile faces "revocation" may involve a previous adjudication which can be used as one of the "previous adjudications" for purposes of TYC commitment following said "revocation." However, even the State recognizes that a "third adjudication" is required to be proven in order for the juvenile to be eligible for commitment to TYC.[4] The plain meaning of § 54.05(j), as derived from its literal text, does not permit the State's further elasticized construction of "current revocation counts as the equivalent of the third misdemeanor adjudication." Indeed, nothing within the language of § 54.05(j) may be taken to even remotely infer such additional construction as the State places on it.

---

4. Legislative intent seems to be fairly clear on    this point when examining the language of

In support for its position, the State refers us to "commentary following § 54.05(j)" in the Texas Family Code. However, we find no comments in the supplemental part of Vernon's Texas Family Code, § 54.05. The State does not indicate further what other publication or edition of the Texas Family Code it is relying on for such commentary. As further "authority," the State references in its brief to a "Memorandum" apparently circulated to juvenile court judges and prosecutors by the executive director of the Texas Juvenile Probation Commission. This memorandum appears in the record before us only as an attachment to the State's brief. The memorandum's main focus, however, is on eligibility for commitment to TYC under § 54.04(q) which, by its explicit terms, applies to disposition hearings, not to modification hearings.

The lone remaining "authority" the State relies on is taken from ROBERT O. DAWSON, TEXAS JUVENILE LAW, p. 220 (5th ed. Sept.2000), which contains the following statement:

> Under this rule [§ 54.05(j) ], a violation of misdemeanor probation may substitute for the third misdemeanor offense to enable to TYC commitment upon modification. For example, if a juvenile commits a jailable misdemeanor and is adjudicated for it and after that adjudication commits a second jailable misdemeanor and is placed on probation for it, a finding in a modification hearing of a violation of that probation will support a commitment to the TYC. The modifica-

tion substitutes for the third misdemeanor adjudication.

This commentary is not supported by reference to any other section or provision of the Texas Family Code. The State provides us with no further authority in support of their construction of § 54.05(j) that "the modification substitutes for the third misdemeanor adjudication."

In the instant case, the undisputed evidence indicates that, prior to the modification hearing, appellant had been adjudicated only twice for delinquent conduct which violated penal laws punishable by imprisonment or confinement to jail. *See* § 51.03(a). The "plain meaning" of § 54.05(j), gleaned from its literal text, does not permit the trial court's modification of appellant's probationary disposition to be equated with an "adjudication" under the particular facts and circumstances presented. If such a procedure is contemplated by § 54.04(j), it must come from further judicial construction of the literal text of said statute, or from legislative enactment or amendment. We find the trial court's commitment of appellant to TYC was unauthorized by the provisions of § 54.05(j). We therefore sustain the portion of appellant's first issue raising this complaint, reverse the trial court's dispositional order of commitment of October 3, 2000, and remand this cause to said court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

the bill analysis of the enrolled version of H.B. 2947, which described subsection (j) in the following manner:

> (j) Authorizes the court to modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if the child has been adjudicated as having engaged in delin-

quent conduct violating a penal law of the grade of felony or misdemeanor on at least three previous occasions, and the current delinquent behavior occurred for one adjudication, after the date of another previous adjudication.

*See* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 2947, 76th Leg., R.S. (1999).

## OPINION ON REHEARING

We write here to clarify a point raised by the State and the *amicus* in their briefs on motion for rehearing. The State and *amicus* argue that the legislative intent of the statute is not as we stated in footnote 4 of our opinion. *See In the Matter of Q.D.M.,* 45 S.W.3d 797, 801 (Tex. App.–Beaumont 2001, no pet. h.). We believe the State has taken our passing observation of perceived "legislative intent" contained in footnote 4 to mean much more that we intended.

As we stated in our opinion, in statutory construction we begin with the language of the statute; if the language is clear, it is not for the judiciary to add to or subtract from the statute. *Id.* at 800; *Miller v. State,* 33 S.W.3d 257, 260 (Tex. Crim. App. 2000). In *Tune v. Texas Department of Public Safety,* 23 S.W.3d 358, 363 (Tex. 2000), the court stated as follows: "[Reviewing courts] must enforce the plain meaning of an unambiguous statute. If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aid to construe it." *See also RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex. 1985)("Unless a statute is ambiguous, we must follow the clear language of the statute.").

Here, we enforce the clear language and plain meaning of section 54.05(j). A requirement for a third adjudication is found in the language of the statute itself. The statute requires that "the adjudications" (the plural of "adjudication" meaning "at least two") occur after the date of "another previous adjudication." The sum of "[a]t least two" plus "another previous" equals three.

We overrule the State's motion for rehearing.

MOTION FOR REHEARING DENIED.

