**In the Matter of A.N.**

**No. 2–00–397–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 16, 2001.

Sondrea J. King, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney; Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Division; David M. Curl, Anne E. Swenson, and Bruce Fyfe, Assistant Criminal District Attorneys, Fort Worth, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant A.N. appeals from the juvenile court's order of commitment, committing her to the care, custody, and control of the Texas Youth Commission (TYC) for an indeterminate period of time. In a single issue on appeal, Appellant contends that the juvenile court abused its discretion in committing her to TYC. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 5, 2000, the juvenile court found that Appellant had engaged in delinquent conduct by committing the misdemeanor offense of assault causing bodily injury and placed her on probation for one year.[1] On September 29, 2000, the State filed a motion to modify disposition alleging Appellant violated the conditions of her probation by removing an electronic monitor from her person without the juvenile court's permission. A hearing was held on the motion to modify on October 6, 2000, at which time Appellant agreed and stipulated to the State's evidence. The juvenile court found that Appellant had violated the terms and conditions of her probation as alleged by the State and signed an order committing Appellant to TYC. In its order, the court found that Appellant had previously been adjudicated delinquent on August 6, 1999, for the misdemeanor offense of evading arrest.[2]

---

1. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.2001).

2. *See* TEX. PENAL CODE ANN. § 38.04.

In her sole issue on appeal, Appellant contends that the juvenile court abused its discretion in committing her to TYC. Appellant does not challenge the trial court's finding that she violated a reasonable and lawful order of the court.[3] Rather, Appellant argues that the juvenile court was without statutory authority to commit her to the custody of TYC. Specifically, Appellant insists that the court misinterpreted the pertinent provisions of section 54.05 of the Texas Family Code.

## DISCUSSION

Section 54.05,[4] which governs hearings to modify dispositions, provides in relevant part:

(f) A disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (j) are met, of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. . . .

. . . .

(j) The court may modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if:

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade

of felony or misdemeanor on at least two previous occasions; and

(2) of the previous adjudications, the conduct that was the basis for the adjudications occurred after the date of another previous adjudication.[5]

Under Appellant's interpretation, section 54.05(j) prohibits the juvenile court from committing a child to TYC following a misdemeanor probation violation unless the child has been adjudicated delinquent for a felony or misdemeanor on two separate occasions prior to the most recent misdemeanor for which the child is on probation. Thus, according to Appellant, because she had only one adjudication on her record prior to the misdemeanor offense that was the subject of the modification hearing, the juvenile court abused its discretion in committing her to TYC. The State disagrees with Appellant's construction of section 54.05(j), arguing that the statute's plain language requiring two "previous" adjudications "permits the trial court to count the adjudication for which the child was originally placed on probation as one of the two previous misdemeanor adjudications."

As we understand the parties' respective positions, Appellant contends that section 54.05(j) requires that the child have been adjudicated delinquent on at least three separate occasions, two of these occasions being before the adjudication for which disposition is being modified. The State, on the other hand, insists that section 54.05(j) requires only two adjudications in total, including the adjudication that is the

---

3. *See* TEX. FAM.CODE ANN. § 54.05(f) (Vernon Supp.2001).

4. In 1999, the Texas Legislature enacted two subsections (f) and two subsections (j) to section 54.05 of the family code. This appeal concerns only the text of subsection (f) as amended by Act of May 30, 1999, 76th Leg.,

R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920 and the text of subsection (j) as added by Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920–21.

5. TEX FAM CODE ANN. § 54.05(f), (j).

subject of the hearing to modify disposition. Accordingly, the question before us is whether the adjudication for which the child was placed on probation and which is the subject of the modification of disposition is a "previous" adjudication under section 54.05(j). After a careful study of the statutory language, we conclude that it is not.

 Texas Supreme Court jurisprudence mandates that we enforce the plain meaning of an unambiguous statute.[6] If a statute is clear and unambiguous, we need not resort to rules of construction or other extrinsic aids to construe it.[7] Whether a statute is ambiguous is a question of law.[8] Ambiguity exists if reasonable persons can find different meanings in the statute.[9]

 If a statute is determined to be ambiguous, this court's primary objective in construing that statute is to ascertain the legislature's intent and to give effect to that intent.[10] We must construe a statute as written and, if possible, ascertain legislative intent from the statute's language.[11] Moreover, even when a statute is not ambiguous on its face, we can consider other factors to determine the Legislature's intent, including the object sought to be obtained, the circumstances of the statute's enactment, the legislative history, the common law or former statutory provisions, including laws on the same or similar subjects, the consequences of a particular construction, and administrative construction of the statute.[12]

Our research has uncovered only one other published case confronting the issue of the proper construction of section 54.05(j). In *In re Q.D.M.*, the appellant argued that section 54.05(j) permits a court to commit a juvenile to TYC upon the modification of a previous disposition only if the juvenile has been adjudicated delinquent on three prior occasions.[13] The State contended that TYC commitment is authorized under section 54.05(j) if the child has two previous felony or misdemeanor adjudications, including the adjudication for which the child was placed on probation.[14] The State further maintained that "[t]he current violation of probation for which the child stands charged acts as a third adjudication."[15] The Beaumont court of appeals agreed with the State that "the current 'probation' for which the juvenile faces 'revocation' may involve a previous adjudication which can be used as one of the 'previous adjudications' for purposes of TYC commitment following said 'revocation.'"[16] The court, however, disagreed that under the plain meaning of the statute, the "current revocation counts as the equivalent of the third misdemeanor adjudication."[17]

6. *Tune v. Tex. Dep't of Pub. Safety*, 23 S.W.3d 358, 363 (Tex.2000).

7. *Id.*

8. *Retama Dev. Corp. v. Tex. Workforce Comm'n*, 971 S.W.2d 136, 139 (Tex.App.—Austin 1998, no pet.).

9. *Teleprofits of Tex., Inc. v. Sharp*, 875 S.W.2d 748, 750 (Tex.App.—Austin 1994, no writ).

10. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 438 (Tex.1997).

11. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985).

12. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001).

13. 45 S.W.3d 797, 800 (Tex.App.—Beaumont 2001, no pet.).

14. *Id.*

15. *Id.*

16. *Id.*

17. *Id.* at 801.

In the case now before us, the State criticizes Appellant's interpretation of section 54.05(j) as inconsistent with the statute's plain language by requiring *three prior* misdemeanor adjudications before a child may be committed to TYC following a probation violation. As we understand Appellant's position, however, it is not that there must be *three prior* adjudications but, rather, that there must be at least *three total* adjudications, consisting of the current adjudication that is the basis for the modification of disposition and "two previous" adjudications. We believe that the language of section 54.05(j) supports Appellant's construction of the prerequisites for TYC commitment upon modification of disposition. We, therefore, disagree with the Beaumont court's decision insofar as it held, without explanation, that a juvenile court may, in committing a child to TYC after a modification of disposition, view the most recent adjudication for which the child is on probation as one of the "previous" adjudications required by section 54.05(j).

The State argues that the language of section 54.05(j), requiring adjudications for misdemeanor or felony offenses "on at least two previous occasions," requires only that the two adjudications be "previous" to the modification hearing. We disagree. "Previous" means "going or existing before in time." [18] The requirement that the two adjudications be on "previous occasions" necessarily implies that there exist a *present* adjudication, or one that is subsequent to the two other adjudications required. This present adjudication is the "finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor," referenced in the first sentence of section 54.05(j), upon which the modification of disposition is based. [19]

Our interpretation of section 54.05(j) in this manner is further supported by a reading of section 54.04 of the family code, [20] governing disposition hearings. [21] That section provides in pertinent part:

(d) If the court or jury makes the finding specified in Subsection (c) allowing the court to make a disposition in the case:

. . . .

(2) if the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (q) are met, of the grade of misdemeanor ... the court may commit the child to the Texas Youth Commission without a determinate sentence;

. . . .

(q) The court may make a disposition under Subsection (d)(2) for delinquent conduct that violates a penal law of the grade of misdemeanor if:

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions;

---

18. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1798 (1981).

19. TEX. FAM.CODE ANN. § 54.05(j); *see also* TEX. FAM.CODE ANN. § 54.03(a) ("A child may be found to have engaged in delinquent conduct ... only after an adjudication hearing.").

20. In 1999, the Texas Legislature enacted three subsections (q) to section 54.04 of the family code. This appeal concerns only the text of subsection (q) as added by Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 1, 1999 Tex. Gen. Laws 4919, 4920.

21. TEX. FAM.CODE ANN. § 54.04.

(2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication; and

(3) the conduct that is the basis of the current adjudication occurred after the date of at least two previous adjudications.[22]

The State agrees with Appellant that "the *current* adjudication can't count as a *previous* adjudication for purposes of commitment under [section] 54.04(q)." Thus, the State does not contend that, under section 54.04(q), "two previous occasions" refers to instances previous to the disposition hearing that is the subject of section 54.04. Rather, the State concedes that the current adjudication that is the subject of the disposition hearing is not an adjudication on a "previous occasion" under section 54.04(q). We conclude that the same construction is mandated by the plain language of section 54.05(j). The requirement of two "previous" adjudications points to the Legislature's intent that a juvenile be eligible for TYC commitment upon modification of disposition only after having been adjudicated delinquent for a felony or misdemeanor offense on two separate occasions prior to the adjudication for which disposition is being modified.

As support for its position, the State points out that Professor Robert Dawson, as well as other commentators on the subject, have concluded that the "two previous occasions" language in section 54.05(j) can include the adjudication that is the subject of the hearing to modify disposition. We respectfully disagree with this interpretation of the statute because it is contrary to the statute's plain meaning. Additionally, the State directs us to a memorandum of the Texas Juvenile Probation Commission (TJPC), which construes section 54.05(j) in a manner consistent with the State's position. Specifically, the memorandum provides, "A child *currently* on probation for a Class A or B Misdemeanor adjudication may be revoked and committed to TYC if the child has *one* prior felony or misdemeanor (A or B) adjudication. The modification may be based on either a technical violation or a new offense." [23]

■ We recognize that an administrative agency's construction or interpretation of a statute, which the agency is charged with enforcing, is entitled to serious consideration by a reviewing court, provided that construction is reasonable and does not contradict the plain language of the statute.[24] Here, the TJPC's interpretation of section 54.05(j) as requiring only "one prior" felony or misdemeanor adjudication before commitment to TYC is authorized upon a modification of disposition is contrary to the plain language of the statute, which clearly requires "two previous" adjudications. Consequently, because TJPC's construction of the statute is in conflict with the statute's plain language, we decline to defer to that construction.

The primary goal of statutory construction is to ascertain and give effect to the legislature's intent.[25] We endeavor to dis-

**22.** *Id.* § 54.04(d)(2), (q).

**23.** Memorandum from Wesley Shackelford, Senior Staff Attorney/Intergovernmental Relations, and Lisa Capers, General Counsel, Texas Juvenile Probation Commission, to Juvenile Court Judges, Juvenile Prosecutors, and Chief Juvenile Probation Officers (Dec. 2, 1999) (on file with author).

**24.** *Steering Comms. for Cities Served by TXU Elec. v. Pub. Util. Comm'n*, 42 S.W.3d 296, 300 (Tex.App.—Austin 2001, no pet.).

**25.** *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex.2000); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998).

cover what the Legislature intended from the actual language that the Legislature used, looking first to the plain and common meaning of the statute's words.[26] Here, the language of section 54.05(j) is clear and unambiguous and compels us to conclude that, when commitment of a juvenile to TYC is a modification of a disposition based upon a misdemeanor offense, there must have been two separate adjudications for misdemeanor or felony offenses prior to the current adjudication that is the subject of the hearing to modify disposition. Consequently, we reject the State's position that the adjudicated offense for which disposition is being modified may serve as one of the "previous" adjudications required under section 54.05(j). We believe our holding comports with evidence regarding the Legislature's purpose in amending section 54.05 of the family code, which indicates that the Legislature sought to restrict the circumstances under which a juvenile is eligible for TYC commitment.[27]

 In the case now before us, it is undisputed that, before Appellant's adjudication of delinquency for the misdemeanor offense of assault, for which the State sought to modify disposition, Appellant had been adjudicated as having engaged in delinquent conduct violating a penal law on only one previous occasion for the misdemeanor offense of evading arrest. Indeed, the portion of the juvenile court's order of commitment finding "that the child has been previously adjudicated delinquent for the following offenses on the following dates" lists only Appellant's August 6, 1999

adjudication for evading arrest. Accordingly, because the requirements of section 54.05(j) were not satisfied, we hold that the juvenile court was without authority to modify Appellant's disposition so as to commit her to TYC. We, therefore, sustain Appellant's sole issue on appeal.

## CONCLUSION

We reverse the juvenile court's order of commitment and remand this cause to that court for further proceedings consistent with this opinion.

---

26. *Am. Home Prods.*, 38 S.W.3d at 95–96; *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999); *Mitchell Energy*, 943 S.W.2d at 438.

27. *See* HOUSE COMM. ON JUVENILE JUSTICE & FAMILY ISSUES, BILL ANALYSIS, Tex. H.B. 2947, 76th Leg., R.S. (1999) *available at* http://*tlo2.tlc.state.tx.us/cgi-bin/tlo/tex-tframe.cmd?LEG=76 & SESS=R & CHAMBER=H & BILLTYPE=B & BIL LSUFFIX=02947 & VERSION=5 & TYPE=A* ("H.B. 2947 limits the offenses that make a child eligible for commitment to the Texas Youth Commission.").