# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00226-CV

---

**In the Matter of A. I.**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-19,881, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

---

Appellant A.I. appeals from the juvenile court's order committing him to the custody of the Texas Youth Commission ("TYC"). We will reverse and remand.

In May 2000, A.I. was adjudicated to have engaged in delinquent conduct for committing misdemeanor criminal trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2002). He was placed on probation in his mother's care. One month later, he was again found to have engaged in delinquent conduct by committing the misdemeanor offense of resisting arrest. *See id.* § 38.03 (West 1994). He was then placed on probation at Phoenix Academy, an inpatient drug treatment program. As a condition of his disposition, he was forbidden from using alcohol or drugs and was required to submit to urinalysis.

On January 25, 2001, the State filed a "Motion to Modify Disposition," alleging that A.I. had tested positive for illegal drug use and praying that the juvenile court modify A.I.'s disposition to commit him to TYC. The motion requested that summons be issued requiring A.I. and his parents to answer the allegations and that a copy of the motion to modify be attached. On January 25, a summons issued commanding A.I. and his mother to appear for a hearing on January 30, 2001.

On January 30, the juvenile court opened the hearing on the State's motion by stating:

[A.I.], this is a motion to modify your disposition, which is a request by the State to change or take away your probation. And what they're alleging is one violation of Rule No. 3, not to use any alcohol, inhalants, or illegal drugs, and you testified [sic] positive for THC, which is marijuana, which is an illegal drug, and cocaine, which is also an illegal drug, on January 16, 2001. Do you understand that accusation?

A.I. said he understood. The court explained that if the accusation were found to be true, A.I. could be committed to a treatment facility or TYC and that the disposition would remain a part of A.I.'s record. A.I. stipulated to the truth of the allegations against him. The court asked A.I., "[Y]ou broke that rule when you used drugs and tested positive for marijuana and cocaine . . . ." A.I. responded, "Yes, sir." The juvenile court found "that that accusation is true, that you have violated your probation." On February 16, the juvenile court signed an order titled "Order Modifying Probation Judgement [sic] of Delinquency." The order finds that A.I. violated the terms of his probation by using drugs and "engaged in delinquent conduct within the meaning of Section 51.03 of the Texas Family Code."[1] *See generally* Tex. Fam. Code Ann. § 51.03(a) (West Supp. 2002).

On March 8, 2001, the juvenile court held another hearing. The court opened the hearing by stating, "This is the continuation of the motion to modify disposition in [A.I.'s] case." The court stated that A.I. had been adjudicated on May 4 and June 22, 2000, and that "the State filed a

---

[1] Section 51.03, which defines delinquent conduct, was amended effective September 1, 2001. *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 2, 2001 Tex. Gen. Laws 3142, 3142; Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 11, 2001 Tex. Gen. Laws 5396, 5407-08. Prior to amendment, former section 51.03(a)(2) included in the definition of delinquent conduct "conduct that violates a reasonable and lawful order of a juvenile court entered under Section 54.04 or 54.05 of this code [with three exceptions]"; that definition was deleted, but this cause is not affected by the amendment. *See* Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 1, 1997 Tex. Gen. Laws 4179, 4179-80, *amended by* Act of May 24, 2001, 77th Leg., R.S., ch. 1297, §§ 2, 72(b), 2001 Tex. Gen. Laws at 3142, 3175 (amendment only applies to conduct occurring on or after effective date).

motion to modify that disposition on January 25th of 2001 alleging some violations." The court stated that A.I. pleaded true to certain violations and that "[t]he dispositional part of the motion to modify was reset . . . ." At the conclusion of the hearing, the juvenile court found that A.I. needed to be in a secure treatment facility that could help with his psychiatric issues and committed him to TYC. The court signed an order titled, "Order Modifying Probation Dispositional Order of Commitment to the Texas Youth Commission." The order found that on January 30, 2001, A.I. "was adjudged to have engaged in delinquent conduct for committing the offense of Violation of Lawful Court Order - Rule 3 - Administrative Violation." The court found A.I. "is in need of rehabilitation" and "will not accept parental supervision and has demonstrated a disregard for all authority," and committed him to the TYC for an indeterminate period of time. A.I. appeals, contending the court abused its discretion by committing him to TYC in violation of section 54.05 of the Family Code because he did not meet the statutory requirements for that disposition.[2] Tex. Fam. Code Ann. § 54.05 (West Supp. 2002).

Initially, we note that the record indicates A.I. raises his argument for the first time on appeal. Although juvenile matters are civil proceedings, they are quasi-criminal in nature and thus bear different consideration with regard to issue preservation. *In re Q.D.M.*, 45 S.W.3d 797, 799

---

[2] A.I. cites former section 54.05(j) of the Family Code. The Family Code was amended in 2001. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1420, §§ 5.001, .002, 2001 Tex. Gen. Laws 4210, 4224-27 (amending Tex. Fam. Code §§ 54.04, .05); Act of May 24, 2001, 77th Leg., R.S., ch. 1297, §§ 2, 22, 23, 27, 2001 Tex. Gen. Laws 3142, 3150-54 (amending Tex. Fam. Code §§ 51.03, 54.03, .04, .05); Act of May 27, 2001, 77th Leg., R.S., ch. 1514, § 11, 2001 Tex. Gen. Laws 5396, 5407-08 (amending Tex. Fam. Code § 51.03). The amendments did not change the substance of the applicable provisions. Section 54.05(j) was redesignated as section 54.05(k). Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 5.002(a), 2001 Tex. Gen. Laws at 4226; Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 27, 2001 Tex. Gen. Laws at 3154. We will cite to the current versions of the statutes.

(Tex. App.—Beaumont 2001, pet. filed); *see In re M.S.*, 940 S.W.2d 789, 790-91 (Tex. App.—Austin 1997, no writ). A criminal sentence unauthorized by law is void, and a defect that renders a sentence void may be raised at any time. *In re Q.D.M.*, 45 S.W.3d at 799-800. We will consider A.I.'s argument.

Juvenile courts have broad discretion in determining the suitable disposition of children who have engaged in delinquent conduct. *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.); *In re C.L.*, 874 S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ). We review a juvenile court's decision to see whether the court acted in an unreasonable or arbitrary manner. *In re C.L.*, 874 S.W.2d at 886.

The Family Code limits when a juvenile who engages in misdemeanor delinquent conduct may be committed to TYC. After a juvenile is adjudicated delinquent, a separate disposition hearing must be held after the adjudication hearing. Tex. Fam. Code Ann. § 54.04(a) (West Supp. 2002). If the child is adjudicated to have engaged in misdemeanor delinquent conduct and disposition is required, a juvenile court may commit the child to TYC without a determinate sentence if:

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of misdemeanor on at least two previous occasions;

(2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication; and

(3) the conduct that is the basis of the current adjudication occurred after the date of at least two previous adjudications.

4

*Id.* § 54.04(d)(2), (s). Further, a juvenile court may modify a disposition based on an adjudication for misdemeanor delinquent conduct so as to commit the juvenile to TYC if the court finds that the child has violated a reasonable and lawful court order and if:

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and

(2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication.[3]

*Id.* § 54.05(f), (k) (West Supp. 2002).

Two other courts of appeals have analyzed section 54.05 and have held that a disposition of an adjudication based upon misdemeanor delinquent conduct may not be modified to commit a juvenile to TYC unless the child has at least two earlier adjudications other than the one for which disposition is being modified. *In re A.N.*, 54 S.W.3d 487, 491-93 (Tex. App.—Fort Worth 2001, pet. filed); *In re Q.D.M.*, 45 S.W.3d at 800-02. Both courts rejected arguments that the adjudication for which disposition modification is sought may be considered one of the two previous adjudications required by the statute. *In re A.N.*, 54 S.W.3d at 492-93 ("we reject the State's position that the adjudicated offense for which disposition is being modified may serve as one of the 'previous' adjudications required under section 54.05[k]."); *In re Q.D.M.*, 45 S.W.3d at 800-01

---

[3] The 2001 amendments clarified this second condition. Before amendment, former section 54.05(j)(2) provided "of the previous adjudications, the conduct that was the basis of the adjudications occurred after the date of another previous adjudication." Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 27, 2001 Tex. Gen. Laws 3142, 3154 (inserting "one of").

("The 'plain meaning' of § 54.05[k], gleaned from its literal text, does not permit the trial court's modification of [a juvenile's] probationary disposition to be equated with an 'adjudication'. . . .").

We agree with the Second Court of Appeals that section 54.04, governing when a child adjudicated for a misdemeanor offense may be committed to TYC in an initial disposition, is clear in its requirement that the child have already been adjudicated twice. *In re A.N.*, 54 S.W.3d at 492; *see* Tex. Fam. Code Ann. § 54.04(s) (juvenile may be committed to TYC if he or she has two adjudications for misdemeanor delinquent conduct and "the conduct that is the basis of the *current adjudication occurred after the date of at least two previous adjudications*") (emphasis added). As the court observed, a current adjudication cannot also be a previous adjudication. *In re A.N.*, 54 S.W.3d at 492. We further agree with that court's analysis concerning the statutory requirements governing TYC commitment upon modification of a misdemeanor disposition. Although the statute in question is not a model of clarity, a careful reading of the pertinent provisions leads to the conclusion that both the Family Code and the legislature's intent are clear: a disposition for adjudication of a misdemeanor offense may only be modified to commit a juvenile to TYC if the child has at least two previous adjudications in addition to the one giving rise to the modification. In other words, before a juvenile may be sent to TYC under section 54.05(k), the child must have been adjudicated delinquent on at least two earlier occasions *separate from the adjudication for which disposition is being modified*.

A.I. was twice adjudicated delinquent for a misdemeanor offense, and his second disposition assigned him to the Phoenix Academy. When he violated the terms of his disposition, the

State sought to modify that second disposition to commit him to TYC.[4]  The modification does not substitute for a third adjudication.  Section 54.05(k) clearly requires two earlier adjudications separate from the one for which disposition is being modified.  *See In re A.N.*, 54 S.W.3d at 493; *In re Q.D.M.*, 45 S.W.3d at 800-02.  A.I. did not have the requisite two prior adjudications that would authorize his commitment to TYC.  The juvenile court erred in modifying A.I.'s disposition to commit him to TYC.  We reverse and remand the cause to the juvenile court for a new hearing on the State's motion to modify.

 

 

 

_____

 

 

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed:  February 28, 2002

Publish

---

[4] Neither the State nor A.I. suggests that the procedure employed here was an attempt to obtain a third adjudication and new disposition; the parties apparently agree, and the record confirms, that the proceeding sought only a modification of A.I.'s second disposition.