NO. 12-03-00271-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
§APPEAL FROM THE 
IN THE MATTER OF
§COUNTY COURT AT LAW #3
T.B., A JUVENILE
§SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant T.B., a juvenile, appeals the trial court’s order committing him to the Texas Youth
Commission for an indeterminate period pursuant to section 54.05 of the Texas Family Code. T.B.
raises two issues on appeal. We reverse and remand.
 
Background
            On April 28, 2003, the State filed its original petition against T.B., alleging that on or about
February 26, T.B. committed the class B misdemeanor offense of evading detention. On May 29,
the State amended its original petition, contending that on or about April 10, T.B. committed the
class A misdemeanor offense of escape when he “intentionally or knowingly escape[d] from the
custody of Garry Hults, who was then and there the Deputy Director of the Smith County Juvenile
Detention Center.” The amended petition also included the evading detention charge.
            On June 6, T.B. pleaded “true” to the State’s allegations and was placed on probation until
April 28, 2004, the date T.B. turned eighteen years old. As a part of the terms of T.B.’s probation,
he was placed in the “Intensive Supervision Probation Program,” and subjected to electronic
monitoring by wearing a “non-removable, tamper-proof ankle bracelet” twenty-four hours a day for
thirty days. The order placing T.B. on the electronic monitoring program stated that T.B. was to
remain at home at all times except those approved by the court, except in cases of a “serious
emergency.” The order also stated that
 
[a]s the purpose of the monitoring equipment is to report curfew compliance, the loss of a receiving
signal, receipt of a tampering signal, the receipt of a signal indicating absence from home during
curfew and physical evidence indicating the monitoring device has been tampered with or removed
shall constitute a violation of this Court Order.


            On June 27, 2003, the State filed a “Petition to Modify Disposition” of the trial court’s order
placing T.B. on probation, contending that on June 11, 17, and 22, T.B. violated the conditions of
his probation by not obeying the rules of the electronic monitor. On July 29, the trial court held a
hearing on the State’s petition and found that T.B. violated the terms of his probation on the dates
alleged by not obeying the rules of the electronic monitor. The trial court also entered an order
modifying its previous disposition of T.B.’s case and committing T.B. to the Texas Youth
Commission (“TYC”) for an indeterminate period. 
            On appeal, T.B. argues that (1) the trial court abused its discretion in committing him to TYC
when it did not make a specific pronouncement or finding of two prior misdemeanor adjudications
and (2) the trial court erroneously admitted documents that demonstrated T.B.’s failure to obey the
rules of the electronic monitor. 
            We first note that the record indicates that T.B. raises the abuse of discretion argument for
the first time on appeal. However, a criminal sentence unauthorized by law is void, and a defect that
renders a sentence void may be raised at any time. See In the Matter of A.I., 82 S.W.3d 377, 379
(Tex. App.–Austin 2002, pet. denied); In re Q.D.M., 45 S.W.3d 797, 800 (Tex. App.–Beaumont
2001, pet. denied). Accordingly, we will consider T.B.’s argument.
 
Did the Trial Court Err by Committing T.B. to the Texas Youth Commission?
            Juvenile courts have broad discretion when determining the suitable disposition of children
who have engaged in delinquent conduct. In re M.A.L., 995 S.W.2d 322, 324 (Tex. App.–Waco
1999, no pet.). We review a juvenile court’s decision to see whether the court acted in an
unreasonable or arbitrary manner. In re C.L., 874 S.W.2d 880, 886 (Tex. App.–Austin 1994, no
writ). 
Applicable Law
            Section 54.04 of the Texas Family Code sets forth the parameters a trial court must follow
when committing a juvenile to TYC. After a juvenile is adjudicated delinquent, a separate
disposition hearing must be held after the adjudication hearing. Tex. Fam. Code Ann. § 54.04(a)
(Vernon Supp. 2004). If the trial court finds that a child has engaged in misdemeanor delinquent
conduct and a disposition is required, a juvenile court may commit a child to TYC without a
determinate sentence if:
 
              (1)         the child has been adjudicated as having engaged in delinquent conduct violating
a penal law of the grade of misdemeanor on at least two previous occasions; 
              (2)         of the previous adjudications, the conduct that was the basis for one of the
adjudications occurred after the date of another previous adjudication; and
              (3)         the conduct that is the basis of the current adjudication occurred after the date of at
least two previous adjudications.


Tex. Fam. Code Ann. § 54.04(d)(2), (s). A trial court may also commit a juvenile to TYC if:
 
            (1)         the child has been adjudicated as having engaged in delinquent conduct violating
a penal law of the grade of felony on at least one previous occasion; and
              (2)         the conduct that is the basis of the current adjudication occurred after the date of
that previous adjudication.

 
Tex. Fam. Code Ann. § 54.04(d)(2), (t). 
            At the time T.B. committed the offense and the disposition of his case was modified, the
Texas Family Code stated that a juvenile court may modify a disposition based on an adjudication
for misdemeanor conduct so as to commit the juvenile to TYC if the court finds that the child has
violated a reasonable and lawful order of the court and a finding that the child engaged in
misdemeanor delinquent conduct if:
 
            (1)         the child has been adjudicated as having engaged in delinquent conduct violating
a penal law of the grade of felony or misdemeanor on at least two previous
occasions; and
              (2)         of the previous adjudications, the conduct that was the basis for one of the
adjudications occurred after the date of another previous adjudication.


Tex. Fam. Code Ann. § 54.05(f), (k) (Vernon 2002). In 2003, the Texas Legislature amended
section (k) of section 54.05 to allow the court to modify a disposition based on an adjudication for
misdemeanor conduct if it found that a juvenile violated a reasonable and lawful order of the court
or if it found that 
 
            (1)         the child has been adjudicated as having engaged in delinquent conduct violating
a penal law of the grade of felony or misdemeanor on at least one previous occasion
before the adjudication that prompted the disposition that is being modified; and
              (2)         the conduct that was the basis of the adjudication that prompted the disposition that
is being modified occurred after the date of the previous adjudication. 


Tex. Fam. Code Ann. § 54.05(k) (Vernon Supp. 2004) (emphasis added).


 Therefore, the
amendment made it possible for courts to modify a previous disposition and commit a juvenile to
TYC for an indeterminate period of time if the child had been adjudicated after committing a
misdemeanor on one previous occasion, compared to the earlier version which allowed for a
commitment to TYC if the child had been adjudicated on two previous occasions after engaging in
misdemeanor or felony delinquent conduct. 
            Courts analyzing section 54.04 and the earlier version of section 54.05 have held that in order
to commit a juvenile to TYC in a disposition of an adjudication based upon misdemeanor delinquent
conduct, the child must have at least two adjudications prior to the one on which the State is seeking
a modification of disposition. See In the Matter of A.I., 82 S.W.3d at 380-81 (holding that before
a juvenile may be sent to TYC under section 54.05(k), the child must have been adjudicated
delinquent on at least two earlier occasions separate from the adjudication for which disposition is
being modified); see also In re A.N., 54 S.W.3d 487, 493 (Tex. App.–Fort Worth 2001, pet. denied). 
A modification of a previous disposition does not substitute for a third adjudication. In the Matter
of A.I., 82 S.W.3d at 381.
Analysis
            At the hearing on the State’s motion to modify, the court heard testimony from various
witnesses regarding T.B.’s violation of the terms of his probation. After the court heard this
testimony, it found that T.B. violated the terms and conditions of his probation by failing to obey the
rules of the electronic monitor on June 11, 17, and 22. The court then proceeded to hear evidence
on T.B.’s prior adjudications.
            Tara Erwin (“Erwin”), a juvenile probation officer for the Smith County Juvenile Services,
testified during this portion of the hearing on the State’s motion to modify. As Erwin began to
testify, the court interrupted her and the following exchange took place:
 
              THE COURT:                   And for the purpose of proceedings here right
now, I will take notice of the prior
proceedings, the contents of the court’s file
which does include the predisposition report
from when I placed [T.B.] on probation for
this particular case.
 
STATE’S COUNSEL:Okay.
 
              THE COURT:                   So you don’t have to rehash things that are on
already of a matter of record here. 
 
              STATE’S COUNSEL:      I was just going to briefly ask her about prior
adjudications and the dates.
 
              THE COURT:                   I’m well aware of those since they were all
done in this particular case.
 
              STATE’S COUNSEL:      Okay. All right.


            Erwin resumed testifying, and stated that
 
[T.B.] has been supervised by this department before. This is his second of [sic] supervision. Usually
when they’re placed on ISP probation and electronic monitor, that’s the last option that we give them. 
And as far as I know, that was why the recommendation was made.


            The State then asked Erwin whether T.B. was eligible to be sent to TYC, and Erwin replied,
“He is eligible.” After Erwin testified and both sides argued their cases, the court found that T.B.
“is a juvenile in need of rehabilitation and protection and the public needs protection” and committed
T.B. to TYC for an indeterminate period. In the written order modifying T.B.’s disposition, the court
stated that it was committing T.B. to the TYC because 1) T.B. had a history of persistent delinquent
behavior, and 2) the local resources of the court are inadequate to properly rehabilitate T.B. To the
right of the statement that T.B. had a “history of persistent delinquent behavior,” the trial judge made
the following handwritten notation: “– and is TYC eligible based on prior adjudications.” 
            The predisposition report included in the record that the court judicially noticed at the
beginning of Erwin’s testimony contains the following paragraph:
 
PRIOR AND SUBSEQUENT CONTACT WITH LAW ENFORCEMENT
 
              DATE                 OFFENSE                                      DISPOSITION  DISPOSITION DATE 
                  December 16, 2002    Violation of a Juvenile Court Order          Consolidated                January 24, 2003
                  October 18, 2002        Fail to Identify Fugitive From Justice            Consolidated                January 24, 2003
                  April 23, 2002            Evading Arrest/Detention (MB)                     Probation                     June 25, 2002
                  March 4, 2002            Runaway                                                         No Probable Cause      March 5, 2002
                  January 23, 2002        Runaway                                                         Drop                            January 23, 2002 
                  November 12, 1997    Theft (MC)                                                     Drop                            November 12, 1997
                  October 17, 1997        Theft (MC)                                                     Drop                            October 17, 1997


            The State contends that the trial court properly committed T.B. to TYC based on prior
adjudications because T.B. had been adjudicated delinquent for evading arrest/detention on June 25,
2002, and again on June 6, 2003 for the February 26, 2003 evading arrest/detention charge and the
April 10, 2003 escape charge.


 In other words, the State contends that T.B. has had three
adjudications: the first occurring on June 25, 2002, and the second and third on June 6, 2003 when
the trial court found that T.B. had engaged in delinquent conduct.


 We disagree.
            The State erroneously assumes that the two prior separate offenses, coupled with the June
25, 2002 adjudication, constitute three totally separate adjudications. The State does not direct us
to, nor can we find, any statute in the Texas Family Code that allows separate instances of delinquent
conduct or conduct indicating a need for supervision, consolidated at a single adjudication hearing,
to substitute for separate adjudications. 
            Specifically, section 54.03 governs adjudications of delinquency, and subsection (a) states
that 
 
[a] child may be found to have engaged in delinquent conduct or conduct indicating a need for
supervision only after an adjudication hearing conducted in accordance with the provisions of this
section. 


Tex. Fam. Code Ann. § 54.03(a) (Vernon Supp. 2004). Furthermore, at the conclusion of the
adjudication hearing, the court or jury shall find whether or not the child has engaged in delinquent
conduct or conduct indicating a need for supervision. Tex. Fam. Code Ann. § 54.03(f) (Vernon
Supp. 2004). 
            Section 54.05(k) clearly requires two previous adjudications separate from the one for which
disposition is being modified. In the Matter of A.I., 82 S.W.3d at 381. The term “previous” means
“going or existing before in time”; therefore, “previous adjudication” implies that 
 
there exist a present adjudication, or one that is subsequent to the two other adjudications required. 
This present adjudication is the “finding that the child engaged in delinquent conduct that violates a
penal law of the grade of misdemeanor,” referenced in the first sentence of section 54.05(j) [now
section (k)], upon which the modification of disposition is based.


In re A.N., 54 S.W.3d at 491. “The statute [section 54.05(k)] requires that ‘the adjudications’ (the
plural of ‘adjudication’ meaning ‘at least two’) occur after the date of ‘another previous
adjudication.’” In re Q.D.M., 45 S.W.3d 797, 802 (Tex. App.–Beaumont 2001, pet. denied). The
sum of “at least two” plus “another previous” equals three. Id. 
            In the instant case, the trial court found that T.B. engaged in delinquent conduct on February
26, 2003 and April 10, 2003. Furthermore, the order states that “after reviewing all of the evidence,
[the court] finds that a disposition must be made because the child is in need of rehabilitation and
for the protection of the public and the child for the following reasons. . . .” The order does not
distinguish between the two offenses because the trial court’s only duty, after T.B. pleaded “true”
on June 6, was to find that he engaged in delinquent conduct. Therefore, the trial court’s order
placing T.B. on probation after finding that he engaged in delinquent conduct resulted in a single
adjudication.
            Our review of both the clerk’s record and the reporter’s record reveals that the only
adjudication T.B. had prior to the one the State sought to modify (the June 6 adjudication) was on
June 25, 2002. Because T.B. had only one adjudication prior to the one the State sought to modify,
the State could not establish the two prior adjudications that are required to commit him to TYC. 
Therefore, the trial court erred in modifying T.B.’s disposition to commit him to TYC. We sustain
T.B.’s first issue. 
 
Conclusion
            The judgment of the trial court is reversed and remanded for a new hearing on the State’s
motion to modify. Because we have sustained T.B.’s first issue, we need not address the remaining
evidentiary issue. See Tex. R. App. P. 47.1.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 2, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.














(PUBLISH)