July 14, 2008

The Honorable Laurie K. English
112th Judicial District Attorney
400 South Nelson
Fort Stockton, Texas 79735

Opinion No. GA-0646

Re: Meaning of the term "previously captured" for purposes of section 42.092 of the Penal Code, which prohibits cruelty to nonlivestock animals (RQ-0666-GA)

Dear Ms. English:

You inquire about the meaning of the term "previously captured" for purposes of section 42.092 of the Penal Code, which prohibits cruelty to nonlivestock animals.[1]

You furnish the following facts:

> In December, the Texas Parks & Wildlife Department in my jurisdiction investigated the beating and subsequent death of two young deer at the hands of four students (two juveniles and two adults). The teens chased the deer into the School District's baseball batting cage which measures approximately 90 feet by 15 feet, with a fence approximately 9 feet in height. After trapping the deer, the teens left the baseball field and then returned with a shovel and a bat. The teens then beat the two deer to death. Investigators believe the event occurred within the time span of 60-90 minutes.

Request Letter, *supra* note 1, at 2.

Section 42.092 of the Penal Code provides in relevant part:

> (b) A person commits an offense if the person intentionally, knowingly, or recklessly:

---

[1]Letter from Honorable Laurie K. English, District Attorney, 112th Judicial District, to Honorable Greg Abbott, Attorney General of Texas (Jan. 11, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

> (1)    tortures an animal or in a cruel manner kills or
> causes serious bodily injury to an animal; . . .

TEX. PENAL CODE ANN. § 42.092(b) (Vernon Supp. 2007).[2] "Animal" is defined as "a domesticated living creature, including any stray or feral cat or dog, and *a wild living creature previously captured*. The term does not include an uncaptured wild living creature or a livestock animal." *Id.* § 42.092(a)(2) (emphasis added). *See also id.* § 42.09(5) (defining "livestock animal").

An offense under section 42.092(b) occurs only if it is committed against an "animal," which in this instance includes "a wild living creature previously captured."[3] You ask us to construe the meaning of the term "previously captured." Request Letter, *supra* note 1, at 1–2.

In construing a statute, our primary objective is to ascertain and give effect to the intent of the Legislature. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). Our office, like the courts, begins its analysis of a statute by construing its plain language. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 356 (Tex. 2006). Under the Code Construction Act, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Moreover, undefined terms in the Penal Code are to be given their common ordinary meaning unless context indicates otherwise. TEX. PENAL CODE ANN. § 1.05(b) (Vernon 2003).

The term "previously captured" is not defined in the Penal Code. In 2004, a Texas appellate court observed that "[t]he common-law rule of capture is based on the concept that ownership of a migratory resource occurs when one exerts control over it and reduces it to possession." *City of San Marcos v. Tex. Comm'n on Envtl. Quality*, 128 S.W.3d 264, 270–71 (Tex. App.—Austin 2004, pet.

---

[2]Subsection (f) of section 42.092 provides:

> It is an exception to the application of this section that the conduct engaged in by the actor is a generally accepted and otherwise lawful:
>
> (1)  form of conduct occurring solely for the purpose of or in support of:
>
> (A)   fishing, hunting, or trapping; or
>
> (B)   wildlife management, wildlife or depredation control, or shooting preserve practices as regulated by state and federal law; or
>
> (2)  animal husbandry or agriculture practice involving livestock animals.

TEX. PENAL CODE ANN. § 42.092(f) (Vernon Supp. 2007).

[3]Although a "deer" may exist in a wild or domesticated state, we will assume for purposes of this opinion that each of the deer of which you inquire was a "wild living creature." *See State v. Weber*, 102 S.W. 955, 956 (Mo. 1907) (statute embraces within its definition all kinds of deer, "whether tame or wild"). If the deer in question had in fact been domesticated, they would still fall within the definition of "animal" in section 42.092(a)(2) of the Penal Code, as a "domesticated living creature." TEX. PENAL CODE ANN. § 42.092(a)(2) (Vernon Supp. 2007).

denied), citing *Pierson v. Post*, 3 Cai. R. 175, 178 (N.Y. Sup. Ct. 1805) ("possession of hunted wild animal established when 'pursuer manifests an unequivocal intention of appropriating the animal to his individual use, has deprived him of his natural liberty, and brought him within his certain control'").[4] *See* Tex. Att'y Gen. LO-94-071, at 2 ("use of the word 'penned' indicates that any feral animal which participates in the staged event has been 'previously captured.'"). The concept of "capture" as set forth in *City of San Marcos* is consistent with the common meaning of the term. The word "capture" means "to take captive; to seize or take possession of by force, surprise, or stratagem." WEBSTER'S NEW INTERNATIONAL DICTIONARY 400 (2nd ed. 1947). The word "captive" means "a person who has been taken prisoner *or an animal that has been confined*." NEW OXFORD AMERICAN DICTIONARY 257 (2001) (emphasis added).

With regard to the concept of "previously," a Texas appellate court has recently held that the word "previous" means "going or existing before in time." *In re A.N.*, 54 S.W.3d 487, 491 (Tex. App.—Fort Worth 2001, pet. denied). This meaning accords with the common definition of "previous" as "existing or occurring before in time or order." NEW OXFORD AMERICAN DICTIONARY 1351 (2001). And absent any measurable or formal time component in section 42.092(b), it is sufficient that the act of capture simply precede the act that constitutes a violation of section 42.092(b). Under the terms of the statute, and on the facts as you have presented them, we conclude that a wild living creature that is "previously captured" is one that has been confined against its will at some prior time.

---

[4]The *City of San Marcos* case involved the capture of groundwater, but the court extrapolated from the general rule applicable to the capture of all natural resources. *City of San Marcos*, 128 S.W.3d at 270–71.

**S U M M A R Y**

Section 42.092 of the Penal Code defines "animal" to include any wild living creature "previously captured."  Under the facts described, a wild living creature has been previously captured if it has been confined against its will at some time prior to the act of inflicting torture, death, or serious bodily injury to the creature.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee