**John Paul LARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–96–00984–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1998.

William Rink, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and LÓPEZ, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from the revocation of John Paul Lara's probation. Pursuant to a plea bargain, Lara pleaded guilty to possession of cocaine and was sentenced to five years in prison and fined $1,000. Lara's sentence was probated according to his plea bargain. Subsequently, Lara's probation was revoked for violating Condition 1 [1] of his probationary conditions. On appeal, Lara complains that the evidence in support of the revocation of his probation is insufficient to prove that he violated Condition 1.

In its motion to revoke Lara's probation, the State alleged that Lara

did then and there intentionally and knowingly engage in sexual contact with [V.T.], hereinafter referred to as complainant, a female child not then and there the spouse of the defendant younger than seventeen years of age, by then and there causing said complainant to touch part of the genitals of the defendant with the intent to arouse and gratify the sexual desire of the defendant of the said complainant with the intent to arouse and gratify the sexual desire of defendant [sic]....

At the hearing on the State's motion, the trial court made it clear that, because of the motion's specificity, the State had to prove the facts of this allegation to support a finding that Lara violated Condition 1 of his probation; that is, proof of a mere conviction would be insufficient to support the State's motion. The State then offered State's Exhibit 2—a judgment convicting Lara for indecency with a child in Cause No. 96–CR–1749—to support its allegation that Lara had violated Condition 1. In offering the exhibit, the prosecutor asked "the court to take judicial notice of the facts contained within the Court's file, 96–CR–1749, which are before you and sitting on your desk right now." The prosecutor continued by asking the court to take judicial notice of the "stipulations contained therein." However, those stipulations do not appear in the appellate record. The appellate record contains only the judgment of conviction which does not reflect the specifics alleged in the State's motion. Because the stipulations from Cause No. 96–CR–1749 were only judicially noticed, and were not introduced into evidence, Lara contends that the appellate record does not support a finding that he violated Condition 1 as alleged in the State's motion to revoke his probation; therefore, Lara argues, no evidence exists in the record to support the trial court's judgment.

In response, the State asks this court to treat the stipulations as if they were admitted into evidence and to supplement the appellate record with the trial court's file in Cause No. 96–CR–1749. *See* TEX.R.APP. P. 34.5(c) & 34.6(d) (permitting trial court, appellate court, and parties to supplement record). As authority, the State relies on case law that permits an appellate court to treat the defendant's written stipulations as if they had been admitted into evidence, even though they were not admitted into evidence,

---

1. Condition 1 stated that Lara:
   Neither commit nor be convicted of any offense against the Laws of the State of Texas; nor any other State or of the United States of America.

where the stipulations were approved, filed and considered by the court in its adjudication of guilt.[2] Although both parties should exercise care to see that relevant evidence is formally admitted into evidence, the reporter's record in this case clearly indicates that the trial court considered Lara's stipulations in his conviction for indecency with a child during Lara's revocation hearing.[3] Because it is clear that the fact finder considered the stipulations, we have exercised our authority under Rules 34.5(c) and 34.6(d) to supplement the appellate record with Lara's stipulations in Cause No. 96–CR–1749.

■ After reviewing the supplemented record, we find that Lara's stipulations in

2. *See Ex parte Reagan,* 549 S.W.2d 204, 205 (Tex.Crim.App.1977) (relying on *Killion v. State* to affirm where court and parties treated governor's warrant in habeas corpus hearing as if admitted into evidence); *Killion v. State,* 503 S.W.2d 765, 765–66 (Tex.Crim.App.1973) (reviewing court permitted to consider defendant's stipulations to charged offenses where considered by trial court in adjudicating guilt for theft and burglary, although written stipulations were *not admitted into evidence); Richardson v. State,* 475 S.W.2d 932, 932–33 (Tex.Crim.App.1972) (finding that record showed court admitted exhibits to support adjudication of guilt for burglary even though court did not specifically state that exhibits were admitted into evidence); *Harden v. State,* 417 S.W.2d 170, 174 (Tex.Crim.App. 1967) (op. on rehearing) (photograph of burned trailer house shown to jury in arson case made available to reviewing court at court's request).

3. At the revocation hearing, the State proceeded on two allegations: that Lara violated Condition 1 by engaging in indecency with a child and that he violated Condition 2 by illegally using a controlled substance. Following testimony from the State's witnesses about the illegal use of a controlled substance, the following dialogue occurred:

MR. PENNINGTON [the prosecutor]: State has no other witnesses at this time, Your Honor. State does, however, have one document to introduce or to offer. State's Exhibit 2, which is the copy of the judgment in 96–CR–1749. And independent of that, the State would ask the Court to take judicial notice of the facts contained within the Court's file, 96–CR–1749, which are before you and sitting on your desk right now.

(Proffered to counsel.)

MR. PENNINGTON: And specifically the stipulations contained therein regarding to that particular case and we have a no contest in that case; as well as the judgment and rendering of the Court, which is this Court and this judgment.

THE COURT: I'll take judicial notice of—well, do you have an objection to it?

MR. RINK [defense counsel]: Yes, Your Honor.

THE COURT: Go ahead and make your objections.

MR. RINK: Judge, this conviction, as I stated before—

THE COURT: Let's start with 96–CR–1749; this judicial notice of this.

MR. RINK: Excuse me, Judge?

THE COURT: Judicial notice of this. Let's start with this first.

MR. RINK: 96–CR–1749? No objection to you taking judicial notice of it.

THE COURT: I'll take judicial notice of it. Go ahead.

MR. RINK: Judicial notice to the facts stated in the case?

THE COURT: Uh-huh. The papers here.

MR. RINK: I object to the Motion to Revoke Probation based on his conviction, based on the fact that it violates the defendant's due process rights and due course of law rights under the U.S. Constitution and the Texas Constitution. For reasons that this particular conviction is the subject of a writ of habeas corpus—and I previously asked the Court to take judicial notice of that—

THE COURT: Wait a minute. I think we're getting—talking apples and oranges here. You have no objection to this? That's what they've asked me.

MR. RINK: No.

THE COURT: I'm taking judicial notice. Now, they've introduced that into evidence, is that correct?

* * * * [further discussion on Mr. Rink's objection concerning the writ of habeas corpus]

MR. PENNINGTON: Number one allegation, you've taken judicial notice and there's stipulations contained in there.

THE COURT: There's stipulations but there's nothing that says that he did this. There's been a finding of guilt, but you haven't proven this allegation. You didn't allege that he was convicted of this offense. You alleged that he did these things. Just because one—you know, a person could be found guilty of that, but I have no evidence before me that he did that.

MR. PENNINGTON: Your Honor, if I may respond. The file that you have taken judicial notice of contains stipulations that are associated with this defendant, and which also contain a statement by the victim alleging the allegations that are contained within our Motion to Revoke. So in that sense, the Court has before it the evidence, the same evidence that it found—had to find the defendant guilty based on a plea of no contest and the evidence presented as part of the—

* * * *

THE COURT: I'm going to find that he violated condition number one; find that true. Condition number two, I'm going to find that's not true. I'm going to revoke his probation....

Cause No. 96–CR–1749 support the State's allegation. Particularly, the stipulations contain a statement by the female complainant in Cause No. 96–CR–1749 that details the facts supporting Lara's conviction for indecency with a child. The statement establishes that the complainant, V.T., was a female child under the age of seventeen and who was not Lara's spouse. In the statement, V.T. described how Lara caused her to touch Lara's genitalia. In her statement, V.T. recounted that Lara

> took out his boy part and put my hand on it. He [Lara] asked me if I wanted to touch it. I told him no, but he grabbed my hand and put it on his boy's part. He put my fingers around it and made me move my hand up and down with his part in my hand.

Although V.T.'s statement contains many other incriminating facts, the above-recited stipulations are sufficient to support the State's allegation that Lara intentionally and knowingly engaged in sexual contact with V.T. with the intent to arouse and gratify his own sexual desire. *See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979) (setting standard of review for testing legal sufficiency; *i.e.,* whether, viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt); *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991) (reviewing standard set out in *Jackson v. Virginia* ). Because the reporter's record clearly indicates that the trial court considered these facts during Lara's revocation hearing, we find that the evidence was sufficient to support the State's allegation. *See Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993) (stating burden of proof in revocation proceeding is preponderance of the evidence that probationer violated a condition of his probation). As a result, we affirm the trial court's order revoking Lara's probation.