69 S.W.3d 300 (2002)
In the Matter of N.P.
No. 2-01-085-CV.
Court of Appeals of Texas, Fort Worth.
January 31, 2002.
Rehearing Overruled March 28, 2002.
Judith Van Hoof, Fort Worth, Dean M. Swanda, Arlington, for Appellant.
Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Anne Swenson, David M. Curl, Jennifer Tourje, Asst. Crim. Dist., Fort Worth, for Appellee.
Panel F: DAY, DAUPHINOT, and HOLMAN, JJ.

OPINION
PER CURIAM.
Appellant N.P. appeals from the juvenile court's judgment modifying disposition and order committing him to an indeterminate stay in the Texas Youth Commission (TYC). N.P. raises one issue on appeal, *301 contending the juvenile court abused its discretion in committing him to the TYC. We reverse and remand.

Factual and Procedural Background
On February 14, 2000, N.P. was adjudicated as having engaged in delinquent conduct on November 12, 1999 by committing the misdemeanor offense of assault causing bodily injury. See TEX.PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp.2002). For that adjudication, N.P. was placed on probation until his eighteenth birthday. On February 1, 2001, the State filed a motion to modify disposition on the grounds that, on or about January 26, 2001, N.P. violated the conditions of his probation by removing his electronic monitor. At the hearing on the State's motion, N.P. pleaded true and stipulated to the evidence that he committed the alleged probation violation. The juvenile court entered judgment modifying disposition, finding that N.P. violated the terms and conditions of his probation, and ordered N.P. committed to the TYC. In its commitment order, the court found that N.P. was previously adjudicated delinquent for unauthorized use of a motor vehicle (UUMV) in June 1998, and again in February 1999 in a disposition modification of the June 1998 UUMV adjudication.
N.P. contends the juvenile court abused its discretion in committing him to the TYC. Specifically, he argues that the commitment order is void because the court was without statutory authority to order commitment to the TYC under section 54.05 of the Texas Family Code. See Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920-21 (amended 2001) (current version at Tex. Fam.Code Ann. § 54.05 (Vernon Supp. 2002)).

Discussion
At the time of N.P.'s delinquent conduct, section 54.05(j) provided:
(f) A disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (j) are met, of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court....
....
(j) The court may modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if:
(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and
(2) of the previous adjudications, the conduct that was the basis for the adjudications occurred after the date of another previous adjudication.
Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920-21 (amended 2001).[1]
*302 N.P. maintains that the statute's requirement of "two previous" adjudications of delinquent conduct before TYC commitment can be ordered does not include the adjudication that is the basis of the disposition modification. According to N.P.'s contentions, a total of three adjudications are required for commitment to the TYC: (1) the adjudication resulting in probation and which is the basis of the disposition modification; and (2) two other, previous adjudications. N.P. further contends that the 1999 disposition modification, relied upon by the juvenile court, is not an adjudication for purposes of section 54.05(j). The State does not contest this latter contention, nor do we find any authority to support the juvenile court's finding that the 1999 disposition modification constitutes an adjudication for purposes of section 54.05(j). Therefore, the only question presented is whether section 54.05(j) permits the court to count the adjudication for which N.P. was originally placed on probation, and that is the basis of the disposition modification, as one of the two previous adjudications required for TYC commitment under section 54.05(j). If not, then N.P. has only one prior adjudication, and the juvenile court's commitment order cannot stand.
The State's position is that only two total adjudications are required under section 54.05(j) and that the adjudication forming the basis for the disposition modification counts as one of those two. The State acknowledges, however, a recent opinion from this court that addresses this very issue and concedes that if we follow our prior opinion, its argument fails. See In re A.N., 54 S.W.3d 487, 489-92 (Tex. App.-Fort Worth 2001, pet. filed) (rejecting State's identical argument and holding that adjudication for which child was placed on probation and which is the subject of the disposition modification is not a "previous" adjudication under section 54.05(j)).
We decline to depart from our holding in In re A.N. Additionally, we note that the State's arguments fail to consider the language of subsection (j)(2), which provides:
(2) of the previous adjudications, the conduct that was the basis for the adjudications occurred after the date of another previous adjudication.
Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920-21 (amended 2001). Under the clear language and plain meaning of this section, the requirement for two previous adjudications in addition to the adjudication that is the basis of the disposition modification can be found. The statute requires that "the adjudications," referring to the two previous adjudications required under subsection (j)(1), occur after the date of "another previous adjudication." The sum of two adjudications plus "another previous adjudication" equals three total. Clearly, two additional adjudications occurring prior to the adjudication for which the child was placed on probation and that is the basis of the disposition modification are required under section 54.05(j). Because N.P. had only one adjudication for delinquent conduct prior to the adjudication that was the subject of the disposition modification, the trial court abused its discretion in ordering him committed to the TYC. We sustain N.P.'s sole issue on appeal.

Conclusion
We reverse the portion of the juvenile court's disposition modification judgment that orders N.P. confined to the TYC and the juvenile court's commitment order and *303 remand this cause to that court for further proceedings.
NOTES
[1] This was the statute in effect at the time N.P. violated his probation. The statute was amended, effective September 1, 2001. See Act of May 18, 2001, 77th Leg., R.S., ch. 1297, § 28, 2001 Tex. Gen. Laws 3142, 3154 (codified at Tex. Fam.Code Ann. § 54.05(k) (Vernon Supp.2002)). The amended statute applies only to conduct that occurs on or after the statute's effective date. Act of May 18, 2001, 77th Leg., R.S., ch. 1297, § 72(b), 2001 Tex. Gen. Laws 3142, 3175.