94 S.W.3d 717 (2002)
In the Matter of S.B., a Juvenile.
No. 04-01-00486-CV.
Court of Appeals of Texas, San Antonio.
November 6, 2002.
Michael D. Robbins, Attorney At Law, San Antonio, for Appellant.
Scott Roberts, Asst. Criminal Dist. Atty., San Antonio, for Appellee.
Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, and SARAH B. DUNCAN, Justice.
Opinion by: SARAH B. DUNCAN, Justice.
S.B. appeals the trial court's judgment, which modifies his probation disposition and commits him to the Texas Youth Commission. Because the trial court was not authorized to commit S.B. to TYC, we reverse the judgment and remand the *718 cause for further proceedings consistent with this opinion.

Factual and Procedural Background
On March 15, 2001 S.B. was adjudicated to have engaged in delinquent conduct for committing misdemeanor assault causing bodily injury. Tex. Pen.Code Ann. § 22.01(a)(1); § 22.01(b)(Vernon Supp. 2002). S.B. was granted probation, including partial hospitalization and treatment at the Laurel Ridge Alternative Day Treatment Facility. This was S.B.'s second adjudication and probation for misdemeanor assault. On July 5, 2001 the juvenile court found S.B. had "failed to participate in and cooperate fully with day treatment" and thus violated a condition of his probation. The court modified its earlier judgment and committed S.B. to TYC under the authority of section 54.05(j) of the Texas Family Code:
The court may modify a disposition under Subsection (f)[1] that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if: (1) the child has been adjudicated as having engaged in delinquent conduct that violates a penal law of the grade of felony or misdemeanor on at least two previous occasions; and (2) of the previous adjudications, the conduct that was the basis for the adjudications occurred after the date of another previous adjudication.[2]

Discussion
S.B. argues the modification order is void, because section 54.05(j) requires two adjudications of misdemeanor or felony conduct, not including the current adjudication that is the basis for the modification; and he has only been adjudicated twice. In response, the State argues section 54.05(j) permits commitment because the modification proceeding serves as the third adjudication. The State supports its theory with the statement of Professor Robert O. Dawson that "subsection (j) restricts TYC commitments to revocation of felony probation or revocation of misdemeanor probation if the child has two previous felony or misdemeanor adjudications, including the adjudication for which he was placed on probation." John J. Sampson et al., Texas Family Code Annotated 241-42, (1999). We disagree.
In construing a statute, our objective is to ascertain and give effect to the underlying legislative intent. Texas Water Comm'n v. Brushy Creek Mun. Util. Dist., 917 S.W.2d 19, 21 (Tex.1996). When the language is clear and unambiguous, legislative intent may be determined from the plain and ordinary meaning of the words used. Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex.1999). But even if the statute is unambiguous, we may consider the legislature's objective, the consequences of particular constructions of the statute, and any administrative constructions. *719 Tex. Gov't Code Ann. § 311.023 (Vernon 1998); see Atascosa County v. Atascosa County Appraisal Dist., 990 S.W.2d 255, 258-59 (Tex.1999).
The clear and unambiguous language of the statute permits commitment only when the juvenile has been adjudicated for felony or misdemeanor conduct on two previous occasions. The two previous adjudications must be separate and in addition to the adjudication on which the modification is based. In re A.I., 82 S.W.3d 377, 380-81 (Tex.App.-Austin 2002, pet. denied); In re N.P., 69 S.W.3d 300, 302 (Tex.App.-Fort Worth 2002, pet. denied); In re A.N., 54 S.W.3d 487, 492-93 (Tex.App.-Fort Worth, 2001 pet. denied); In re Q.D.M., 45 S.W.3d 797, 802 (Tex. App.-Beaumont 2001, pet. denied). Contrary to the State's theory, section 54.05(j) does not equate a modification proceeding to an adjudication of misdemeanor or felony conduct. In re A.N., 54 S.W.3d at 492 ("We respectfully disagree with [Professor Dawson's] interpretation of the statute because it is contrary to the statute's plain meaning."). In re Q.D.M., 45 S.W.3d at 801-802 ("The `plain meaning' of [section] 54.05(j), gleaned from its literal text, does not permit the trial court's modification of appellant's probationary disposition to be equated with an `adjudication'...").
The State also argues that the 2001 amendments to section 54.05(j) demonstrate the legislature's intent that only two adjudications are required. The 2001 amendment clarifies that "of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication."[3] However the effect of the amendment is not at issue in this case; and, in any event we are not convinced the inserted language changes the requirements of the statute. See In re A.I., 82 S.W.3d at 379 n. 2.

Conclusion
Because S.B. had only one previous adjudication, section 54.05 does not authorize TYC commitment. We therefore reverse the trial court's order and remand this cause to that court for further proceedings consistent with this opinion.
NOTES
[1] Subsection (f) provides in part: "[A] disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or of the United States of the grade of felony or, if the requirements of Subsection (j) are met, of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920-21 (amended 2001) (current version at Tex. Fam.Code Ann. § 54.05(f) (Vernon 2002)).
[2] Act of May 30, 1999, 76th Leg., R.S., ch. 1448, § 2, 1999 Tex. Gen. Laws 4919, 4920-21 (amended 2001) (current version at Tex. Fam.Code Ann. § 54.05(k) (Vernon 2002)). The modification order was signed July 9, 2001 and thus controlled by the statute as it was worded at that time.
[3] Act of May 24, 2001, 77th Leg., R.S., ch. 1297 § 28, 2001 Tex. Gen. Laws 3142, 3154 (inserting "one of") (codified at Tex. Fam.Code Ann. § 54.05(k) (Vernon 2002)) (emphasis added). The amended statute applies only to conduct that occurs on or after the statute's effective date. Act of May 24, 2001, 77th Leg., R.S. ch. 1297 § 72(b), 2001 Tex. Gen. Laws 3142, 3175.