COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-103-CV
 
IN THE MATTER OF C.E.R., A CHILD
 
------------
FROM THE 271
ST DISTRICT COURT OF WISE
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant C.E.R. appeals from the trial court's order modifying her
disposition and committing her to the Texas Youth Commission ("TYC").
C.E.R. raises three points: (1) the evidence was legally insufficient to prove
that C.E.R. had twice been previously adjudicated; (2) the doctrine of res
judicata barred the State from pleading and proving C.E.R.'s two prior
adjudications at the modification proceeding; and (3) the State violated
C.E.R.'s due process rights under the doctrine of prosecutorial vindictiveness
by alleging the two prior adjudications in an amended motion to modify C.E.R.'s
disposition. We will affirm.
On December 6, 2000, the State of Texas filed an original petition to
adjudicate C.E.R., alleging that C.E.R., then sixteen years old, had engaged in
delinquent conduct by committing the misdemeanor offense of assault causing
bodily injury. During proceedings on the matter, C.E.R. stipulated to committing
the instant offense as well as to a prior adjudication from Denton County. The
trial court adjudicated C.E.R. delinquent and placed her on probation. Further,
the court ordered C.E.R. to complete a rehabilitative program at the Garza
County Regional Juvenile Center.
The State filed a motion to modify C.E.R.'s disposition on November 21,
2001, alleging that she had violated the terms of her probation. On December 27,
2001, the court conducted a hearing on the motion, found that C.E.R. had
violated her probation, and modified her disposition to place her in TYC.
Subsequently, C.E.R. filed a motion for new trial in connection with the
December 27 modification order, alleging that the State had failed to prove that
C.E.R. had two prior adjudications as required by Texas Family Code section
54.05(k).(2) The trial court granted C.E.R.'s
motion for new trial. The State then filed a first amended motion to modify
C.E.R.'s disposition that included allegations of two prior misdemeanor
adjudications.
In response, C.E.R. filed a motion to quash the State's amended motion
to modify, which the trial court denied. At a second modification hearing, the
trial court specifically found that C.E.R. had two prior misdemeanor
adjudications and again committed her to TYC.
In her first point, C.E.R. complains that the evidence was legally
insufficient to prove that she had two prior adjudications as alleged in the
State's amended motion to modify. We review a juvenile court's determination
concerning a suitable disposition for a child who has been adjudicated as having
engaged in delinquent conduct under an abuse of discretion standard. In
re J.D.P., 85 S.W.3d 420, 426 (Tex. App.--Fort Worth 2002, no pet.). We
apply the same standard of review to the modification of a juvenile's
disposition. In re T.K.E., 5 S.W.3d 782, 785 (Tex.
App.--San Antonio 1999, no pet.).
The legal sufficiency of the evidence to support the trial court's
findings is not an independent ground of error, but is a relevant factor in
determining whether the trial court abused its discretion. In
re C.J.H., 79 S.W.3d 698, 702 (Tex. App.--Fort Worth 2002, no pet.).
Because the Texas Family Code does not impose a burden of proof on the State
during the disposition phase, we apply the civil standards when considering the
legal sufficiency of the findings at the disposition phase. Id.
at 703.
In determining a no-evidence challenge, we consider only the evidence
and inferences that tend to support the trial court's finding and disregard all
evidence and inferences to the contrary. Id.; see
also Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). Anything
more than a scintilla of evidence is legally sufficient to support the finding. C.J.H.,
79 S.W.3d at 703; see also Cazarez, 937 S.W.2d at 450; Leitch
v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996). There is some evidence when
the proof supplies a reasonable basis on which reasonable minds may reach
different conclusions about the existence of the vital fact. C.J.H.,
79 S.W.3d at 703; see also Orozco v. Sander, 824 S.W.2d
555, 556 (Tex. 1992).
Section 54.05(k) provides that a disposition of an adjudication based
upon misdemeanor delinquent conduct may be modified to commit a juvenile to TYC
if the State proves that the child has at least two earlier adjudications other
than the one for which disposition is being modified. Tex. Fam. Code Ann. §
54.05(k); see In re A.I., 82 S.W.3d 377, 380-81 (Tex.
App.--Austin 2002, pet. denied); In re N.P., 69 S.W.3d
300, 302 (Tex. App.--Fort Worth 2002, pet. denied). In proving the two previous
adjudications of C.E.R. at the second modification hearing, the State asked the
trial court to take judicial notice of three case jackets. The court stated that
it had all three cases numbered 00-31, 00-32, and 00-34 at the bench and that
two of them were from Denton County Court at Law No. 1. The court, over C.E.R.'s
objection, took judicial notice of the files.
The State also called C.E.R.'s Wise County probation officer, Debbie
Cooke, to testify as to her supervision of C.E.R. Cooke testified that the
judgments and sentences had been transferred from Denton County to the County
Clerk's office in Wise County in November 2000. When asked what two cases were
transferred, Cooke responded that C.E.R.'s "adjudication for assault bodily
injury on her sister was transferred to us, and an adjudication against the
victim, Tiffany Williams, to -- to sign or execute a document." Cooke then
testified that the cause numbers for those two offenses were JV-200-00672 and
JV-200-00011, which were the adjudications pled in the State's first amended
petition. Cooke then identified and described C.E.R. in the courtroom as the
person whom she had been supervising for over a year in connection with these
cause numbers. Cooke recommended that C.E.R. be placed in TYC.
Later, during discussions on C.E.R.'s motion for a directed verdict,
the trial court stated:

 Let the record -- reflect . . . that the Court has not taken judicial
 notice, per se, of the files that it was asked to take judicial notice of, the
 files.
        The
 Court has taken judicial notice of everything in Cause No. 00-34, including
 all orders and stipulations previously filed in this -- in this particular
 case.
 

The court then reiterated that it had granted C.E.R.'s objection
"to taking physical judicial notice of the contents of 00-31 and
00-32." The court stated on the record that it found the allegations
contained in the State's first amended petition to be true, and it ordered
C.E.R. to TYC.
Cause number 00-34 is the Wise County number for the proceedings that
form the basis of this appeal. Because the trial court took judicial notice of
the record in cause number 00-34, C.E.R.'s stipulation concerning a previous
adjudication in Denton County for an assault in violation of section 22.01 of
the penal code, in conjunction with Cooke's testimony, constituted some evidence
of one of the previous adjudications required under section 54.05(k) of the
family code. Tex. Fam. Code Ann. § 54.05(k); see Turner v.
State, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987) (stating that a trial
court can take judicial notice of records of its own court in a case concerning
the same subject matter and between the same or practically the same parties); Lara
v. State, 962 S.W.2d 148, 150 & n.3 (Tex. App.--San Antonio 1998, no
pet.) (considering judicial notice of stipulations in the trial court's file as
evidence).
The issue then is whether the State presented some evidence of a second
prior adjudication. See Tex. Fam. Code Ann. § 54.05(k); Orozco,
824 S.W.2d at 556; N.P., 69 S.W.3d at 302. In its brief,
the State argues that the Wise County numbers 00-31 and 00-32 were transfers
from Denton County, which were captioned JV-2000-00011 and JV-2000-00672
respectively, the first to which C.E.R. stipulated. The State argues that
Cooke's testimony that she received the transfer order of the two cases from
Denton County, supervised C.E.R. since November 2000, and identified the victim
in each of the transferred causes established that C.E.R. had twice before been
adjudicated on misdemeanor offenses. Additionally, the State's brief explains
that when the Denton County cases were transferred to Wise County, the Wise
County Juvenile Probation Department renumbered the causes.(3)
The State points out the general rule that a trial court cannot take
judicial notice of proceedings from another court, but it is the State's
position that the court properly took judicial notice of its own files, which
the State asserts included the transferred cases from Denton County. See
Turner, 733 S.W.3d at 223; Nat'l County Mut. Fire Ins. Co.
v. Hood, 693 S.W.2d 638, 639 (Tex. App.--Houston [14th
Dist.] 1985, no writ). As the State concedes in its brief, however, the trial
court ultimately sustained C.E.R.'s objection to the State's request that it
take judicial notice of the transferred Denton County cases.
We must therefore look to whether Cooke's testimony regarding her
supervision of C.E.R. alone supplies some evidence of the existence of a second
prior adjudication. See Orozco, 824 S.W.2d at 556.
Considering Cooke's testimony and the reasonable inferences from it that tend to
support the trial court's finding of the existence of a second prior
adjudication, we hold that, while her testimony could have been more specific,
it constituted more than a scintilla of evidence that C.E.R. had two prior
adjudications and satisfied the requirements of section 54.05(k). See
Tex. Fam. Code Ann. § 54.05(k); Orozco, 824 S.W.2d at
556. Accordingly, we conclude that the trial court did not abuse its discretion
in committing C.E.R. to TYC. See A.I., 82 S.W.3d at
380-81; N.P., 69 S.W.3d at 302. We overrule C.E.R.'s first
point.
In her second point, C.E.R. contends that the trial court erred in
failing to grant her motion to quash because adding the "enhancement"
allegations at the motion to modify stage, and after C.E.R. had already been
adjudicated, violated the doctrine of res judicata. See Barr v.
Resolution Trust Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 628 (Tex.
1992) ("Res judicata, or claims preclusion, prevents the relitigation of a
claim or cause of action that has been finally adjudicated,
as well as related matters that, with the use of diligence, should have been
litigated in the prior suit.") (emphases supplied).
It is well settled, however, that the effect of the grant of a motion for new
trial is to set aside all proceedings and reinstate the cause on the docket as
if it had not been tried. In re Marriage of Wilburn, 18
S.W.3d 837, 844 (Tex. App.--Tyler 2000, pet. denied); City of
Dallas v. Ormsby, 904 S.W.2d 707, 712-13 (Tex. App.--Amarillo 1995, writ
denied) (op. on reh'g); Elec. Contracting & Maint. Co. v.
Perry Distribs., Inc., 432 S.W.2d 543, 547 (Tex. Civ. App.--Dallas 1968,
writ ref'd n.r.e.); see also 54 Tex. Jur. 3d New
Trial § 172 (2002).
Based on this case's procedural history, the doctrine of res judicata
is inapplicable, and the trial court did not err in denying C.E.R.'s motion to
quash based on res judicata. See Barr, 837 S.W.2d at 628;
Wilburn, 18 S.W.3d at 844. We overrule C.E.R.'s second point.
In her third point, C.E.R. argues that under Bouie v.
State the trial court erred in failing to grant her motion to quash because
adding the "enhancement" allegations at the motion to modify stage
violated her due process rights under the doctrine of prosecutorial
vindictiveness. 565 S.W.2d 543, 546 (Tex. Crim. App. 1978). C.E.R. has not
directed us to any cases involving facts similar to the present case in which
the doctrine of prosecutorial vindictiveness was applied.
But even if the doctrine was applicable in a juvenile proceeding,
C.E.R. has not demonstrated that she received a harsher sentence than the one
imposed before she filed her motion for new trial, as the State sought to have
her placed at TYC in both modification hearings. Generally, the doctrine of
prosecutorial vindictiveness prevents the State from increasing the severity of
the charges or punishment against a criminal defendant who has exercised a
constitutional right to appeal a conviction. See Blackledge v.
Perry, 417 U.S. 21, 28, 94 S. Ct. 2098, 2102-03 (1974); Bouie,
565 S.W.2d at 546; Tillman v. State, 919 S.W.2d 836, 839
(Tex. App.--Fort Worth 1996, pet. ref'd). Because the State sought the same
punishment for C.E.R. during both modification hearings, we hold that the
doctrine of prosecutorial vindictiveness is inapplicable to the circumstances of
this case. See Bouie, 565 S.W.2d at 546. We overrule
C.E.R.'s third point.
Having overruled C.E.R.'s three points, we affirm the trial court's
judgment.
 
   
                                                                    JOHN
CAYCE
   
                                                                    CHIEF
JUSTICE
 
PANEL B: CAYCE, C.J.; HOLMAN and WALKER, JJ.
DELIVERED: April 17, 2003

1.  T
EX. R. APP.
P.47.4.
2.  Appellant's motion for new trial cited section
54.05(j); however, the 2001 legislature redesignated this section as section
54.05(k). Act of May 22, 2001, 77
th Leg., R.S., ch.
1420, § 5.002, 2001 Tex. Gen. Laws 4210, 4226 (current version at Tex. Fam.
Code Ann. § 54.05(k) (Vernon 2002)). We will refer to section 54.05(k)
throughout this opinion.
3.  Because this is a civil case, we accept as true
the State's uncontradicted assertions of fact regarding the transfer and
renumbering of the files. See Tex. R. App. P. 38.1(f),
38.2(a)(1).