IN RE C.E.R, A CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-103-CV

IN THE MATTER OF C.E.R., A CHILD

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant C.E.R. appeals from the trial court’s order modifying her disposition and committing her to the Texas Youth Commission (“TYC”). 
 C.E.R. raises three points:  (1) the evidence was legally insufficient to prove that C.E.R. had twice been previously adjudicated; (2) the doctrine of res judicata barred the State from pleading and proving C.E.R.’s two prior adjudications at the modification proceeding; and (3) the State violated C.E.R.’s due process rights under the doctrine of prosecutorial vindictiveness by alleging the two prior adjudications in an amended motion to modify C.E.R.’s disposition.  We will affirm.

On December 6, 2000, the State of Texas filed an original petition to adjudicate C.E.R., alleging that C.E.R., then sixteen years old, had engaged in delinquent conduct by committing the misdemeanor offense of assault causing bodily injury.  During proceedings on the matter, C.E.R. stipulated to committing the instant offense as well as to a prior adjudication from Denton County.  The trial court adjudicated C.E.R. delinquent and placed her on probation.  Further, the court ordered C.E.R. to complete a rehabilitative program at the Garza County Regional Juvenile Center. 

The State filed a motion to modify C.E.R.’s disposition on November 21, 2001
, alleging that she had violated the terms of her probation.  On December 27, 2001, the court conducted a hearing on the motion, found that C.E.R. had violated her probation, and modified her disposition to place her in TYC.  Subsequently, C.E.R. filed a motion for new trial in connection with the 
December 27 modification order, alleging that the State had failed to prove that C.E.R. had two prior adjudications as required by Texas Family Code section 54.05(k).
(footnote: 2) 
 The trial court granted C.E.R.’s motion for new trial.  The State then filed a first amended motion to modify C.E.R.’s disposition that included allegations of two prior misdemeanor adjudications. 

In response, C.E.R. filed a motion to quash the State’s amended motion to modify, which the trial court denied.  At a second modification hearing, the trial court specifically found that C.E.R. had two prior misdemeanor adjudications and again committed her to TYC. 

In her first point, C.E.R. complains that the evidence was legally insufficient to prove that she had two prior adjudications as alleged in the State’s amended motion to modify.  
We review a juvenile court’s determination concerning a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct under an abuse of discretion standard.  
In re J.D.P.
, 85 S.W.3d 420, 426 (Tex. App.—Fort Worth 2002, no pet.).  We apply the same standard of review to the modification of a juvenile’s disposition.
  
In re T.K.E.
, 5 S.W.3d 782, 785 (Tex. App.—San Antonio 1999, no pet.).

The legal sufficiency of the evidence to support the trial court’s findings is not an independent ground of error, but is a relevant factor in determining whether the trial court abused its discretion.  
In re C.J.H.,
 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.).  Because the Texas Family Code does not impose a burden of proof on the State during the disposition phase, we apply the civil standards when considering the legal sufficiency of the findings at the disposition phase. 
 Id. 
at 703.

In determining a no-evidence challenge, we consider only the evidence and inferences that tend to support the trial court’s finding and disregard all evidence and inferences to the contrary.  
Id.
; 
see also
 Bradford v. Vento
, 48 S.W.3d 749, 754 (Tex. 2001); 
Cont’l Coffee Prods. Co. v. Cazarez,
 937 S.W.2d 444, 450 (Tex. 1996).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
C.J.H.,
 79 S.W.3d
 at 703;
 see also Cazarez
, 937 S.W.2d at 450; 
Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact.
  
C.J.H.,
 79 S.W.3d
 at 703;
 see also
 Orozco v. Sander
, 824 S.W.2d 555, 556 (Tex. 1992).

Section 54.05(k) provides that a disposition of an adjudication based upon misdemeanor delinquent conduct may be modified to commit a juvenile to TYC if the State proves that the child has at least two earlier adjudications other than the one for which disposition is being modified.  
Tex. Fam. Code Ann. 
§ 54.05(k)
; 
see In re A.I
., 82 S.W.3d 377, 380-81 (Tex. App.—Austin 2002, pet. denied); 
In re N.P.,
 69 S.W.3d 300, 302 (Tex. App.—Fort Worth 2002, pet. denied).
  In proving the two previous adjudications of C.E.R. at the second modification hearing, the State asked the trial court to take judicial notice of three case jackets.  The court stated that it had all three cases numbered 00-31, 00-32, and 00-34 at the bench and that two of them were from Denton County Court at Law No. 1.  The court, over C.E.R.’s objection, took judicial notice of the files. 

The State also called C.E.R.’s Wise County probation officer, Debbie Cooke, to testify as to her supervision of C.E.R.  Cooke testified that the judgments and sentences had been transferred from Denton County to the County Clerk’s office in Wise County in November 2000.  When asked what two cases were transferred, Cooke responded that C.E.R.’s “adjudication for assault bodily injury on her sister was transferred to us, and an adjudication against the victim, Tiffany Williams, to -- to sign or execute a document.”  Cooke then testified that the cause numbers for those two offenses were JV-200-00672 and JV-200-00011, which were the adjudications pled in the State’s first amended petition.  Cooke then identified and described C.E.R. in the courtroom as the person whom she had been supervising for over a year in connection with these cause numbers.  Cooke recommended that C.E.R. be placed in TYC. 

Later, during discussions on C.E.R.’s motion for a directed verdict, the trial court stated: 

Let the record -- reflect . . . that the Court has not taken judicial notice, per se, of the files that it was asked to take judicial notice of, the files.  

The Court has taken judicial notice of everything in Cause No. 00-34, including all orders and stipulations previously filed in this -- in this particular case. 

The court then reiterated that it had granted C.E.R.’s objection “to taking physical judicial notice of the contents of 00-31 and 00-32.”  The court stated on the record that it found the allegations contained in the State’s first amended petition to be true, and it ordered C.E.R. to TYC. 

Cause number 00-34 is the Wise County number for the proceedings that form the basis of this appeal.  Because the trial court took judicial notice of the record in cause number 00-34, C.E.R.’s stipulation concerning a previous adjudication in Denton County for an assault in violation of section 22.01 of the penal code, in conjunction with Cooke’s testimony, constituted some evidence of one of the previous adjudications required under section 54.05(k) of the family code.  
Tex. Fam. Code Ann. 
§ 54.05(k); 
see Turner v. State
, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987) (stating that a trial court can take judicial notice of records of its own court in a case concerning the same subject matter and between the same or practically the same parties); 
Lara v. State
, 962 S.W.2d 148, 150 & n.3 (Tex. App.—San Antonio 1998, no pet.) (considering judicial notice of stipulations in the trial court’s file as evidence).

The issue then is whether the State presented some evidence of a second prior adjudication.  
See
 
Tex. Fam. Code Ann. 
§ 54.05(k); 
Orozco
, 824 S.W.2d at 556;
 N.P.,
 69 S.W.3d at 302.  In its brief, the State argues that the Wise County numbers 00-31 and 00-32 were transfers from Denton County, which were captioned JV-2000-00011 and JV-2000-00672 respectively, the first to which C.E.R. stipulated.  The State argues that Cooke’s testimony that she received the transfer order of the two cases from Denton County, supervised C.E.R. since November 2000, and identified the victim in each of the transferred causes established that C.E.R. had twice before been adjudicated on misdemeanor offenses.  Additionally, the State’s brief explains that when the Denton County cases were transferred to Wise County, the Wise County Juvenile Probation Department renumbered the causes.
(footnote: 3) 

The State points out the general rule that a trial court cannot take judicial notice of proceedings from another court, but it is the State’s position that the court properly took judicial notice of its own files, which the State asserts included the transferred cases from Denton County.  
See Turner
, 733 S.W.3d at 223; 
Nat’l County Mut. Fire Ins. Co. v. Hood
, 693 S.W.2d 638, 639 (Tex. App.—Houston [14
th
 Dist.] 1985, no writ).  As the State concedes in its brief, however, the trial court ultimately sustained C.E.R.’s objection to the State’s request that it take judicial notice of the transferred Denton County cases.

We must therefore look to whether Cooke’s testimony regarding her supervision of C.E.R. alone supplies some evidence of the existence of a second prior adjudication.  
See Orozco
, 824 S.W.2d at 556.  
Considering Cooke’s testimony and the reasonable inferences from it that tend to support the trial court’s finding of the existence of a second prior adjudication, we hold that, while her testimony could have been more specific, it constituted more than a scintilla of evidence that C.E.R. had two prior adjudications and satisfied the requirements of section 54.05(k).  
See
 
Tex. Fam. Code Ann. 
§ 54.05(k)
; 
Orozco
, 824 S.W.2d at 556.  
Accordingly, we conclude that the trial court did not abuse its discretion in committing C.E.R. to TYC.  
See A.I
., 82 S.W.3d at 380-81; 
N.P.,
 69 S.W.3d at 302
.
  We overrule C.E.R.’s first point.

In her second point, C.E.R. contends that the trial court erred in failing to grant her motion to quash because adding the “enhancement” allegations at the motion to modify stage, and after C.E.R. had already been adjudicated, violated the doctrine of res judicata.  
See Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav
., 837 S.W.2d 627, 628 (Tex. 1992) (“Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been 
finally adjudicated
, as well as related matters that, with the use of diligence, should have been litigated in the 
prior suit
.”) (emphases supplied).  
It is well settled, however, that the effect of the grant of a motion for new trial is to set aside all proceedings and reinstate the cause on the docket as if it had not been tried.  
In re Marriage of Wilburn
, 18 S.W.3d 837, 844 (Tex. App.—Tyler 2000, pet. denied);
 City of Dallas v. Ormsby,
 904 S.W.2d 707, 712-13 (Tex. App.—Amarillo 1995, writ denied) (op. on reh’g);
 Elec. Contracting & Maint. Co. v. Perry Distribs
., 
Inc
., 432 S.W.2d 543, 547 (Tex. Civ. App.—Dallas 1968, writ ref’d n.r.e.); 
see also
 54 
Tex. Jur. 3d
 
New Trial
 § 172 (2002).  

Based on this case’s procedural history, the doctrine of res judicata is inapplicable, and the trial court did not err in denying C.E.R.’s motion to quash based on res judicata.  
See Barr
, 837 S.W.2d at 628;
 Wilburn
, 18 S.W.3d at 844.  We overrule C.E.R.’s second point.

In her third point, C.E.R. argues that under 
Bouie v. State
 the trial court erred in failing to grant her motion to quash because adding the “enhancement” allegations at the motion to modify stage violated her due process rights under the doctrine of prosecutorial vindictiveness.
  565 S.W.2d 543, 546 (Tex. Crim. App. 1978).  C.E.R. has not directed us to any cases involving facts similar to the present case in which the doctrine of prosecutorial vindictiveness was applied.

But even if the doctrine was applicable in a juvenile proceeding, C.E.R. has not demonstrated that she received a harsher sentence than the one imposed before she filed her motion for new trial, as the State sought to have her placed at TYC in both modification hearings.  Generally, the doctrine of prosecutorial vindictiveness prevents the State from increasing the severity of the charges or punishment against a criminal defendant who has exercised a constitutional right to appeal a conviction.  
See Blackledge v. Perry
, 417 U.S. 21, 28, 94 S. Ct. 2098, 2102-03 (1974); 
Bouie
, 565 S.W.2d at 546; 
Tillman v. State
, 919 S.W.2d 836, 839 (Tex. App.—Fort Worth 1996, pet. ref’d).  Because the State sought the same punishment for C.E.R. during both modification hearings, we hold that the doctrine of prosecutorial vindictiveness is inapplicable to the circumstances of this case.  
See Bouie
, 565 S.W.2d at 546.  We overrule C.E.R.’s third point.

Having overruled C.E.R.’s three points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL B: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED:  April 17, 2003

FOOTNOTES
1:
Tex. R. App. P. 
47.4.

2:
Appellant’s motion for new trial cited section 54.05(j); however, the 2001 legislature redesignated this section as section 54.05(k).  Act of May 22, 2001, 77
th
 Leg., R.S., ch. 1420, § 5.002, 2001 Tex. Gen. Laws 4210, 4226 (current version at 
Tex. Fam. Code Ann. 
§ 54.05(k) (Vernon 2002))
.
  We will refer to section 54.05(k) throughout this opinion.

3:
Because this is a civil case, we accept as true the State’s uncontradicted assertions of fact regarding the transfer and renumbering of the files.  
See
 
Tex. R. App. P.
 38.1(f), 38.2(a)(1).