**In the Matter of J.W., a minor.**

**No. 05–03–00187–CV.**

Court of Appeals of Texas, Dallas.

Nov. 5, 2003.

April E. Smith, Mesquite, for Appellant.

William T. (Bill) Hill, Jr., Charles Patrick Reynolds, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WRIGHT.

J.W. appeals the trial court's judgment modifying its earlier judgment and committing J.W. to the Texas Youth Commission (TYC). In two issues, J.W. contends the trial court abused its discretion in committing him to the TYC, and the order modifying disposition should be reformed to correct citation errors. We reverse the trial court's judgment.

In March 2002, J.W. was adjudicated for committing the misdemeanor offense of evading arrest. The trial court placed J.W. on probation in the custody of his mother for one year. In July 2002, J.W. was adjudicated for the misdemeanor offense of theft and placed in the CSC Medlock Center for a year. After J.W. had "approximately 50 major incident reports" which included being verbally abusive to staff and other residents, and assaulting other residents, the CSC Medlock Center discharged him. In November, the State filed a motion to modify disposition, alleging that J.W. violated the conditions of his probation by "engaging in conduct which caused him to be discharged unsatisfactorily from [the CSC Medlock Center]."

After a hearing, the trial court found that J.W. violated the conditions of his probation and ordered him committed to the TYC. J.W. contends the juvenile court abused its discretion in modifying the probation disposition and committing him to the TYC. We agree.

Modifications of disposition proceedings are governed by section 54.05 of the family code. TEX. FAM.CODE ANN. § 54.05 (Vernon 2002). At the time the trial court modified its order, section 54.04 provided that the trial court could modify a disposition based on a finding the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor to commit a

child to TYC if: (1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and (2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication. TEX. FAM.CODE ANN. § 54.05(f), (k).[1]

The State maintains that section 54.05 permits J.W. to be committed to TYC because nothing in the statute requires the two previous adjudications to be separate and in addition to the adjudication on which the modification is based. We disagree. Four Texas courts of appeals have addressed this issue and held that it may not. According to these courts, the two previous adjudications must be separate and in addition to the adjudication on which the modification is based. *See In re S.B.,* 94 S.W.3d 717, 719 (Tex.App.-San Antonio 2002, no pet.); *In re A.I.,* 82 S.W.3d 377, 380 (Tex.App.-Austin 2002, pet. denied); *In re N.P.,* 69 S.W.3d 300, 302 (Tex.App.-Fort Worth 2002, pet. denied); *In re Q.D.M.,* 45 S.W.3d 797, 802 (Tex.App.-Beaumont 2001, pet. denied). We agree with these courts that the "clear and unambiguous" language of section 54.04(k) does not allow a disposition to be modified to commit a juvenile to TYC when a juvenile violates a lawful court order that is based on a disposition of one of the two previous adjudications. *See S.B.,* 94 S.W.3d at 719; *A.I.,* 82 S.W.3d at 381; *N.P.,* 69 S.W.3d at 302; *Q.D.M.,* 45 S.W.3d at 801. A total of three adjudications are necessary in order to modify a disposition to commit a juvenile to the TYC.

Because J.W. had only one previous adjudication separate and apart from the adjudication to be modified, section 54.05 does not authorize TYC commitment. We sustain J.W.'s first issue. Thus, we need not address J.W.'s second issue. *See* TEX. R. APP. P. 47.1.

We reverse the trial court's order modifying J.W.'s disposition and remand to the trial court for further proceedings consistent with this opinion.

---

**1.** The Legislature has amended section 54.05(k) to require only one previous adjudication. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 283 § 21, 2003 Tex. Gen. Laws 1227. However, because the bill did not take effect until September 1, 2003, the above cited version is controlling in this case.