Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS










IN THE MATTER OF C.E.T.
, a Juvenile.


 
§



§


§


§


§

No. 08-03-00125-CV


Appeal from the


65th District Court


of El Paso County, Texas


(TC# 99,01895)


M E M O R A N D U M O P I N I O N



 This is an appeal from an order of commitment committing the juvenile C.E.T. to the
care and custody of the Texas Youth Commission. We reverse.

I. SUMMARY OF THE EVIDENCE


 On March 1, 2000, the State filed a petition based on delinquent conduct alleging that
C.E.T. committed the misdemeanor offense of possession of marihuana under two ounces. 
 On August 7, 2000, C.E.T. admitted culpability and the court signed an order of
adjudication on the same day. On August 21, 2000, a disposition hearing was held and
C.E.T. was placed on probation. 

 On May 2, 2001, the State filed a second petition based on delinquent conduct
alleging that C.E.T. committed a family violence misdemeanor assault. A motion to modify
the first adjudication was also filed. On May 8, 2001, the court granted the State's motion
to dismiss the second petition, and the court subsequently entered an order modifying the first
disposition by placing C.E.T. on intensive supervision. 

 On November 8, 2001, another petition based on delinquent conduct was filed
alleging the juvenile committed a Class A misdemeanor assault. The conduct was alleged
to have occurred on October 31, 2001. On January 10, 2002, the court entered an order
adjudicating C.E.T. delinquent by finding that she committed the assault. After a disposition
hearing, the juvenile was placed on probation in the Challenge Out-of-Home Placement. 

 On January 28, 2003, the State filed a motion to modify the disposition, alleging that
the juvenile had violated probation by being "unsuccessfully discharged" from the Challenge
Program boot camp. On February 6, 2003, the court entered a modification order. On
February 14, 2003, the court conducted a disposition hearing, and entered an order and
judgment of commitment sending C.E.T. to the Texas Youth Commission (TYC). 

II. DISCUSSION


 In Issue No. One, C.E.T. contends that the orders modifying the prior disposition and
committing the juvenile to the TYC were void because there were only two prior
misdemeanor judgments adjudicating her delinquent. Modifications of disposition
proceedings are governed by Section 54.05 of the family code. Tex. Fam. Code Ann. §
54.05 (Vernon Supp. 2004). At the time the trial court modified its order, Section 54.04
provided that the trial court could modify a disposition based on a finding the child engaged
in delinquent conduct that violates a penal law of the grade of misdemeanor to commit a
child to TYC if: (1) the child has been adjudicated as having engaged in delinquent conduct
violating a penal law of the grade of felony or misdemeanor on at least two previous
occasions; and (2) of the previous adjudications, the conduct that was the basis for one of the
adjudications occurred after the date of another previous adjudication. (1) 

 C.E.T. maintains that there must be two previous adjudications separate and in
addition to the adjudication on which the modification is based. C.E.T. reasons that as the
adjudication upon which the commitment to TYC was based was the assault adjudication of
January 10, 2002, the court lacked authority to modify the disposition due to the lack of two
prior adjudications in addition to the adjudication upon which the modification was based. 
In its response, the State utilizes various rules of statutory construction to urge the
interpretation that the disposition upon the modification of the second adjudication can serve
as one of the two previous adjudications. We disagree.

 Under either the state or federal constitutions, a sentence assessed to a criminal
defendant not authorized by law is void. Heath v. State, 817 S.W.2d 335, 339 (Tex. Crim.
App. 1991). If the language of a statute is clear, it is not for the judiciary to add to or subtract
from the statute. Miller v. State, 33 S.W.3d 257, 260 (Tex. Crim. App. 2000); In re Q.D.M.,
45 S.W.3d 797, 802 (Tex. App.--Beaumont 2001, pet. denied)(opinion on rehearing). In
Tune v. Texas Department of Public Safety, 23 S.W.3d 358, 363 (Tex. 2000), the court stated: 
"[Reviewing courts] must enforce the plain meaning of an unambiguous statute. If a statute
is clear and unambiguous, we need not resort to rules of construction or other extrinsic aid
to construe it." See also RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607
(Tex. 1985). Whether a statute is ambiguous is a question of law. Retama Dev. Corp. v. Tex.
Workforce Comm'n, 971 S.W.2d 136, 139 (Tex. App.--Austin 1998, no pet.). Five Texas
courts of appeals have held that the two previous adjudications must necessarily be separate
and in addition to the adjudication upon which the modification is based. See In re J.W., 118
S.W.3d 927, 929 (Tex. App.--Dallas 2003, pet. filed); In re S.B., 94 S.W.3d 717, 719 (Tex.
App.--San Antonio 2002, no pet.); In re A.I., 82 S.W.3d 377, 380 (Tex. App.--Austin 2002,
pet. denied); In re N.P., 69 S.W.3d 300, 302 (Tex. App.--Fort Worth 2002, pet. denied); In
re Q.D.M., 45 S.W.3d at 802. We agree with these courts holdings that the "clear and
unambiguous" language of Section 54.04(k) does not allow the modification of a disposition
to commit a juvenile to TYC when a juvenile violates a lawful court order that is based on
a disposition of one of the two previous adjudications. See In re S.B., 94 S.W.3d at 719; In
re A.I., 82 S.W.3d at 381; In re N.P., 69 S.W.3d at 302; In re Q.D.M., 45 S.W.3d at 801. A
total of three adjudications are necessary in order to modify a disposition to commit a
juvenile to the TYC.

 In holding that the clear and unambiguous language of Section 54.04(k) mandated a
total of three adjudications, the Fort Worth Court of Appeals held that the word "previous"
means "going or existing before in time." Therefore, the requirement that the two
adjudications be on "previous occasions" necessarily implies that there must exist a present
adjudication, or one that is subsequent to the two other adjudications required. This present
adjudication is the "finding that the child engaged in delinquent conduct that violates a penal
law of the grade of misdemeanor," referenced in the first sentence of the statute upon which
the modification of disposition is based. In re A.N., 54 S.W.3d 487, 491 (Tex. App.--Fort
Worth 2001, pet. denied). As C.E.T had only one previous adjudication separate and apart
from the adjudication to be modified, Section 54.05 does not authorize the TYC
commitment. We sustain C.E.T.'s first issue. Thus, we need not address C.E.T's second
issue. See Tex. R. App. P. 47.1.

 Having sustained the first issue on review, and having further found that we need not
address any remaining issues, we reverse the trial court's order modifying C.E.T.'s
disposition and remand to the trial court for further proceedings consistent with this opinion.

March 26, 2004




 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

 
1. See Act of May 18, 2001,77th Leg., ch. 1297, § 28, 2001 Tex. Gen. Laws 3142, 3175. The Legislature
has amended Section 54.05(k) to require only one previous adjudication. See Act of June 2, 2003, 78th Leg., R.S.,
ch. 283 § 21, 2003 Tex. Gen. Laws 1227. However, because the bill did not take effect until September 1, 2003, the
above cited version is controlling in this case. We will refer to Section 54.05(k) throughout this opinon