

# Fourth Court of Appeals
## San Antonio, Texas

September 15, 2017

No. 04-17-00126-CR

Terrell **BUSH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 14-01-00046-CRW
Honorable Stella Saxon, Judge Presiding

# O R D E R

On September 6, 2017, the State filed a Motion to Abate Appeal, requesting that we abate this appeal and remand to the trial court for correction of inaccuracies in the clerk's record, as well as extend the time for filing the State's brief. The State's motion specifically requests that we order the trial court to determine whether the Pre-Sentence Investigation Report (PSI) prepared in this case should be included in the appellate record. Appellant has filed a response opposing abating this appeal and remanding to the trial court. Appellant does not oppose including the PSI in the appellate record, but points out that the trial court did not consider the PSI prior to considering appellant's motion to withdraw his plea.

When relevant items have been omitted from the clerk's record, "the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate record a supplement containing the omitted item." *See* TEX. R. APP. P. 34.5(c); *Ruffin v. State*, 3 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (court of appeals ordered appellate record supplemented with PSI report when the existence and contents of PSI were relevant to appellate complaints); *see also Lara v. State*, 962 S.W.2d 148, 151 (Tex. App.—San Antonio 1998, no pet.) (permitting supplementation of appellate record with defendant's stipulations which, though not admitted into evidence, were reviewed and considered by the trial court).

It is undisputed the PSI was not admitted into evidence. Although the record before us indicates the trial court considered the PSI during the punishment portion of appellant's trial, the

record does not indicate the trial court considered the PSI prior to ruling on appellant's motion to withdraw his plea. Therefore, from the record before us, we cannot ascertain how the PSI is relevant to appellant's sole complaint on appeal.

Accordingly, we ORDER the State to file a response on or before **October 2, 2017**, informing this court whether the trial court considered the PSI prior to ruling on appellant's motion to withdraw his plea and explaining the relevance of the PSI to appellant's sole complaint on appeal.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of September, 2017.

_____
Keith E. Hottle
Clerk of Court