# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00804-CV

### In the Matter of A. C.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-JV-14-030650, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court, sitting as a juvenile court, adjudicated appellant A.C. delinquent for committing the offense of burglary of a habitation with attempted sexual assault,[1] assessed a determinate sentence of ten years, and placed him on probation. Subsequently, the State filed a motion to modify the disposition, alleging that A.C. had violated the terms and conditions of his probation. Following a hearing, the juvenile court granted the motion and committed A.C. to the custody of the Texas Juvenile Justice Department (TJJD) for a determinate period of ten years.[2] In two issues on appeal, A.C. asserts that his determinate sentence is "void," i.e., unauthorized by law, and that the juvenile court failed to give him credit for time served. We will affirm the juvenile court's order.

---

[1] *See* Tex. Penal Code § 30.02(a)(3).

[2] A determinate sentence is one in which the term of commitment begins in the custody of TJJD with a possible transfer to the Texas Department of Criminal Justice (TDCJ). *See* Tex. Fam. Code § 54.04(d)(3).

**BACKGROUND**

In its petition alleging delinquent conduct, the State alleged that on or about October 28, 2011, A.C. engaged in delinquent conduct by, among other things, "knowingly and intentionally … enter[ing] a habitation without the effective consent of [the owner], and therein attempted to commit the sexual assault of [the owner]."[3] At the adjudication hearing, A.C. pleaded true to that allegation and the juvenile court found the allegation to be true. Concluding that the delinquent conduct in which A.C. had engaged "included a violation of a penal law listed in Section 53.045(a) of the Texas Family Code," the juvenile court assessed a determinate sentence of ten years and placed A.C. on probation.[4] The State subsequently filed a motion to modify the disposition, alleging that A.C. had violated the terms and conditions of his probation by failing to successfully complete the residential sex offender treatment program at Rockdale Regional Juvenile Justice Center. At the hearing on the motion to modify, A.C. pleaded true to this allegation. The juvenile court subsequently found that A.C. had violated the terms and conditions of his probation as alleged and modified his disposition by committing him to the custody of TJJD for a determinate period of ten years. This appeal followed.

---

[3] This was one of several allegations made by the State in its petition. Other offenses that A.C. had allegedly committed on the night in question included sexual assault, robbery, burglary of a habitation with theft, burglary of a habitation with assault, and habitual felony conduct. *See id*. § 51.031(a). However, as part of a plea agreement with A.C., the State agreed to waive all but one of its allegations. Thus, at the adjudication hearing, the only allegation remaining was that A.C. had committed the offense of burglary of a habitation with attempted sexual assault.

[4] *See* Tex. Fam. Code § 54.04(d)(3); *see also id*. § 53.045(a).

**ANALYSIS**

**Legality of determinate sentence**

In his first issue, A.C. asserts that his determinate sentence is unauthorized by law because the offense for which he was adjudicated delinquent, burglary of a habitation, is not an offense listed in section 53.045(a) of the Juvenile Justice Code. Therefore, according to A.C., he was not eligible for a determinate sentence.[5] The State responds that A.C. was adjudicated delinquent for conduct that included attempted sexual assault, which is an offense listed in section 53.045(a) of the Juvenile Justice Code. Thus, in the State's view, A.C. was eligible for a determinate sentence.

This issue presents a question of statutory construction. "When construing a statute, we begin with its language."[6] "Our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen."[7] "If the statute is clear and unambiguous, we must apply its words according to their common meaning without resort to rules of construction or extrinsic aids."[8]

---

[5] We note that, although A.C. raises this issue for the first time on appeal, it is well established that a sentence unauthorized by law may be challenged at any time. *See In re A.I.*, 82 S.W.3d 377, 379 (Tex. App.—Austin 2002, pet. denied); *In re Q.D.M.*, 45 S.W.3d 797, 799-800 (Tex. App.—Beaumont 2001, pet. denied); *see also Ex parte Seidel*, 39 S.W.3d 221, 224-25 (Tex. Crim. App. 2001); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996); *Heath v. State*, 817 S.W.2d 335, 339 (Tex. Crim. App. 1991); *Ex parte McIver*, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979).

[6] *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

[7] *Id.* (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003)); *see In re J.J.*, 276 S.W.3d 171, 175 (Tex. App.—Austin 2008, pet. denied).

[8] *Shumake*, 199 S.W.3d at 284.

The Juvenile Justice Code authorizes a determinate sentence if, among other requirements not relevant here, "the court or jury found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that *included* a violation of a penal law listed in Section 53.045(a)."[9] It is undisputed that burglary of a habitation is not among the offenses listed in Section 53.045(a) of the Juvenile Justice Code.[10] However, the offense of criminal attempt is listed in Section 53.045(a), "if the offense attempted was . . . an offense listed by Section 3g(a)(1), Article 42.12, Code of Criminal Procedure."[11] And sexual assault is among the offenses listed in Section 3g(a)(1), Article 42.12 of the Code of Criminal Procedure.[12] Thus, in this case, a determinate sentence was authorized if the juvenile court found at the conclusion of the adjudication hearing that A.C. had engaged in delinquent conduct that *included* the offense of attempted sexual assault.

The record reflects that such a finding was made here. The State alleged that A.C. had engaged in delinquent conduct by "knowingly and intentionally … enter[ing] a habitation

---

[9] Tex. Fam. Code § 54.04(d)(3) (emphasis added).

[10] The offenses listed in section 53.045(a) are: (1) murder; (2) capital murder; (3) manslaughter; (4) aggravated kidnapping; (5) sexual assault or aggravated sexual assault; (6) aggravated assault; (7) aggravated robbery; (8) injury to a child, elderly individual, or disabled individual, if the offense is punishable as a felony, other than a state jail felony; (9) felony deadly conduct involving discharging a firearm; (10) certain felony offenses involving controlled substances; (11) criminal solicitation; (12) indecency with a child; (13) criminal solicitation of a minor; (14) criminal attempt, if the offense attempted was murder, capital murder, or an offense listed by Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; (15) arson, if bodily injury or death is suffered by any person by reason of the commission of the conduct; (16) intoxication manslaughter; and (17) criminal conspiracy, if the offense made the subject of the criminal conspiracy includes a violation of any of the other provisions enumerated in the statute. *Id.* § 53.045(a).

[11] *See id.* § 53.045(a)(14).

[12] Tex. Code Crim. Proc. art. 42.12, § 3g(a)(1)(H).

4

without the effective consent of [the owner], and therein attempted to commit the sexual assault of [the owner]." Thus, attempted sexual assault was included in the delinquent conduct that A.C. was alleged to have committed.[13] At the adjudication hearing, A.C. pleaded true to that allegation and the juvenile court found that allegation to be true. By finding the State's allegation to be true, the juvenile court necessarily found that A.C. had engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045(a), specifically, the offense of attempted sexual assault.[14] Consequently, according to the plain language of Section 54.04 of the Juvenile Justice Code, a determinate sentence was authorized under these circumstances.[15]

We overrule A.C.'s first issue.

**Credit for time served**

In his second issue, A.C. asserts that he was not properly given credit for time spent in a secure detention facility as required by Section 54.052 of the Juvenile Justice Code. In relevant part, that section provides, "The judge of the court in which a child is adjudicated shall give the child credit on the child's sentence for the time spent by the child, in connection with the conduct for which the child was adjudicated, in a secure detention facility before the child's transfer to a

---

[13] *See* Tex. Penal Code § 30.02(a)(3) ("A person commits an offense if, without the effective consent of the owner, the person enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.").

[14] *See* Tex. Fam. Code § 53.045(a)(14).

[15] *See id.* § 54.04(d)(3) (authorizing a determinate sentence "if the court . . . found at the conclusion of the adjudication hearing that the child engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045(a)"); *see also In re J.H.*, 150 S.W.3d 477, 481 (Tex. App.—Austin 2004, pet. denied) ("Based on a plain reading of the statute, we conclude that even one violation of one penal law listed in section 53.045(a) of the family code is sufficient for the imposition of a determinate sentence.").

Texas Juvenile Justice Department facility or a post-adjudication secure correctional facility, as applicable."[16] According to A.C., he is entitled to a total of 360 days of credit for time served, which is not reflected in the juvenile court's disposition order. However, the record contains a separate order by the juvenile court in which it found that A.C. "has been detained in the Travis County Detention Center for this offense and shall receive credit." The order also lists the specific dates when A.C. was detained, and those dates correspond to the amount of time credit to which A.C. claims he is entitled. Thus, contrary to A.C.'s contention, the record reflects that the juvenile court has ordered that A.C. be given credit for time served.[17]

We overrule A.C.'s second issue.

## CONCLUSION

We affirm the juvenile court's disposition order.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   August 30, 2016

---

[16]  Tex. Fam. Code § 54.052(b).

[17]  Although the Code of Criminal Procedure requires that credit for time served be reflected in the judgment of conviction, *see* Tex. Code Crim. Proc. art. 42.01, § 1(18), there is no similar requirement in the Juvenile Justice Code that credit for time served be reflected in the juvenile court's disposition order, and A.C. cites to no authority suggesting that a separate order giving a juvenile credit for time served is somehow improper or ineffective.